UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MEMPHIS A. PHILLIP RANDOLPH INSTITUTE, ET AL. | )<br>)<br>) |
| v. | )   NO. 3:20-cv-00374<br>)   JUDGE RICHARDSON |
| TRE HARGETT, ET AL. | ) |

# ORDER

This case is set for a bench trial on **February 1, 2022, beginning at 9:00 a.m.** Counsel for the parties shall appear for a Pretrial Conference in this Court on **January 24, 2022 at 8:30 a.m.** All lawyers who will participate in the trial must attend the pretrial conference.

In light of the uncertain duration of the ongoing COVID-19 pandemic, the number of jury trials that have had to be postponed, the legal imperative to prioritize criminal trials once the Court can hold criminal jury trials again[1], and the congestion of the Court's calendar even prior to the pandemic, the Court would encourage all parties to make good-faith efforts to resolve their disputes through mediation or other forms of settlement discussions.

### Pretrial Filing Deadlines

Counsel shall submit a Joint Proposed Pretrial Order to the Court by **January 17, 2022**. The Pretrial Order shall contain: (1) a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings; (2) a statement of the basis for jurisdiction in this Court; (3) a short summary of the Plaintiff's theory (no more than one page); (4) a short summary of the Defendant's theory (no more than one page); (5) a statement of the

---

[1] The Court notes that it has been ready, willing and able to hold civil bench trials throughout the pandemic. The Court also notes that civil jury trials can now possibly be held again. However, as noted above, once criminal trials also can be held again, the availability of dates for civil jury trials likely will be quite limited.

issues; (6) a succinct statement of the relief sought; (7) a summary of any anticipated evidentiary disputes; and (8) an estimate of the anticipated length of the trial.

The parties shall also submit to the Court, by **January 17, 2022**, witness lists, except for witnesses solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3); exhibit lists, except for documents solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3); and any stipulations.

Plaintiff's exhibits shall be pre-marked as "P-1, P-2," etc. Defendant's exhibits shall be pre-marked as "D-1, D-2," etc. The authenticity of exhibits should be stipulated to if at all possible. Failure to include an exhibit on this exhibit list will result in its not being admitted into evidence at trial, except upon a showing of good cause;

<u>Motions in Limine and Objections to Experts</u>

By **January 10, 2022**, the parties shall file any motions in limine and any motions objecting to expert testimony. Any responses to such motions shall be filed by **January 17, 2022.**

<u>Information Exchanged but Not Filed</u>

By **January 10, 2022,** the parties shall identify for one another their respective exhibits and make available for examination by any opposing party the original of all exhibits. The parties also shall exchange copies of items identified as exhibits; this requirement is not satisfied by a party merely because it previously produced a copy of the item in discovery, but rather requires a party (absent contrary agreement between the parties) to separately produce a copy of the item in conjunction with specifically identifying the item as a trial exhibit. By this same date, the parties shall exchange designations of portions of depositions to be read into evidence during the case in chief. The parties should attempt to agree on additions to the designations necessary to put responses into context.

## Discovery

Expert witness disclosures shall be made timely, in accordance with Local Rule 39.01(c)(5)(C). Supplemental responses to interrogatories, requests for production and requests for admissions shall be made timely in accordance with Local Rule 39.01(e). Objections to the use of a deposition at trial shall be made timely in accordance with Local Rule 39.01(c)(4). The Court may exclude evidence, or order other sanctions, for violation of a duty or deadline to make or supplement expert witness disclosures or discovery responses.

## Pretrial Conference

Counsel shall be prepared, at the Pretrial Conference, to:

(1) identify and discuss undisputed facts and issues;

(2) discuss the status of discovery;

(3) preview proposed testimony;

(4) discuss expert testimony;

(5) preview proposed exhibits;

(6) discuss motions in limine;

(7) discuss settlement; and

(8) discuss any need for pretrial briefs.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE