## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| MEMPHIS A. PHILLIP RANDOLPH INSTITUTE, THE EQUITY ALLIANCE, FREE HEARTS, THE MEMPHIS AND WEST TENNESSEE AFL-CIO CENTRAL LABOR COUNCIL, THE TENNESSEE STATE CONFERENCE OF THE NAACP, SEKOU FRANKLIN, and KENDRA LEE, | ) ) ) ) ) ) ) ) | Case No. 3:20-cv-00374 Judge Richardson Magistrate Judge Frensley |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee, MARK GOINS, in his Official capacity as Coordinator of Elections for the State of Tennessee, and AMY WEIRICH, in her official capacity as the District Attorney General for Shelby County, Tennessee, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT'S RESPONSE TO COURT ORDER OF AUGUST 6, 2020

Defendants hereby submit their Response to this Court's Order of August 6, 2020. (D.E. 60.)

On August 6, 2020, this Court entered an order directing Plaintiffs, in light of the decision issued by the Tennessee Supreme Court in *Fisher v. Hargett*, No. M2020-00831-SC-RDM-CV, 2020 WL 4515279 (Aug. 5, 2020) and *Lay v. Goins*, No. M2020-00832-SC-RDM-CV, 2020 WL 4515279 (Aug. 5. 2020), to "advise the Court: (a) of any changes to the scope of the relief they are requesting via the Motion; (b) in at least general terms of any changes to their asserted rationale

for the granting of the relief requested in the Motion; and (c) whether they request more time (and if so how much time) to advise the Court in more detail as to any changed asserted rationale for the granting of the relief requested in the Motion." (D.E. 60, Order, PageID# 2314.) This Court further ordered the Defendants to provide a preliminary response to "(a) any changes to the scope of the relief Plaintiffs are requesting via the Motion; (b) any changes in Plaintiffs' rationale for the granting of relief requested in the Motion; and (c) whether they request more time (and if so, how much time) to respond in more detail." (*Id*. at 2314-15.)

On August 11, Plaintiffs filed their response. (D.E. 65.). While Plaintiffs' response does not directly respond to the Court's first directive, i.e., to advise the Court of any changes to the scope of the relief" requested in their Motion for Preliminary Injunction, (D.E. 40), Plaintiffs do not appear to be requesting any additional relief and accordingly, are not requesting any additional time. Specifically, Plaintiffs do not appear to be seeking injunctive relief with respect to Claim One of their Amended Complaint, which alleges that Tennessee's "Eligibility Criteria" to vote by mail burdens Plaintiffs' right to vote in violation of the First and Fourteenth Amendments. (D.E. 39, Amend. Compl., PageID # 150-51.)

As Plaintiffs are not requesting any additional relief, it is not necessary for Defendants to respond to any changes in either the scope of the relief or the rationale for the granting of the relief Plaintiffs are requesting in their preliminary injunction motion.

Accordingly, for the reasons set forth in Defendants' Response in Opposition, (D.E. 46), and in the Memorandum of Law in support of Defendants' Motion to Dismiss, (D.E. 62),[1]

---

[1] Defendants seek to clarify a point made with regard to the issue of standing. In response to Plaintiffs' Motion for Preliminary Injunction, Defendants—relying on Plaintiff Franklin's admission in the Amended Complaint—asserted that Plaintiff Franklin was ineligible to vote by absentee ballot. *See* Defendants' Response (DE 46) at PageID# 1809; *id*. at n. 30. Plaintiffs' Amended Complaint was incorrect on that point, and Plaintiff Franklin *did* vote by absentee ballot

2

Case 3:20-cv-00374   Document 67   Filed 08/14/20   Page 2 of 4 PageID #: 2385

for the granting of the relief requested in the Motion; and (c) whether they request more time (and if so how much time) to advise the Court in more detail as to any changed asserted rationale for the granting of the relief requested in the Motion." (D.E. 60, Order, PageID# 2314.) This Court further ordered the Defendants to provide a preliminary response to "(a) any changes to the scope of the relief Plaintiffs are requesting via the Motion; (b) any changes in Plaintiffs' rationale for the granting of relief requested in the Motion; and (c) whether they request more time (and if so, how much time) to respond in more detail." (*Id*. at 2314-15.)

On August 11, Plaintiffs filed their response. (D.E. 65.). While Plaintiffs' response does not directly respond to the Court's first directive, i.e., to advise the Court of any changes to the scope of the relief" requested in their Motion for Preliminary Injunction, (D.E. 40), Plaintiffs do not appear to be requesting any additional relief and accordingly, are not requesting any additional time. Specifically, Plaintiffs do not appear to be seeking injunctive relief with respect to Claim One of their Amended Complaint, which alleges that Tennessee's "Eligibility Criteria" to vote by mail burdens Plaintiffs' right to vote in violation of the First and Fourteenth Amendments. (D.E. 39, Amend. Compl., PageID # 150-51.)

As Plaintiffs are not requesting any additional relief, it is not necessary for Defendants to respond to any changes in either the scope of the relief or the rationale for the granting of the relief Plaintiffs are requesting in their preliminary injunction motion.

Accordingly, for the reasons set forth in Defendants' Response in Opposition, (D.E. 46), and in the Memorandum of Law in support of Defendants' Motion to Dismiss, (D.E. 62),[1]

---

[1] Defendants seek to clarify a point made with regard to the issue of standing. In response to Plaintiffs' Motion for Preliminary Injunction, Defendants—relying on Plaintiff Franklin's admission in the Amended Complaint—asserted that Plaintiff Franklin was ineligible to vote by absentee ballot. *See* Defendants' Response (DE 46) at PageID# 1809; *id*. at n. 30. Plaintiffs' Amended Complaint was incorrect on that point, and Plaintiff Franklin *did* vote by absentee ballot

2

Defendants respectfully request that this Court deny Plaintiffs' request for preliminary injunctive relief, and further request that this Court dismiss Plaintiffs' Amended Complaint in its entirety and with prejudice.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

/s/ Janet M. Kleinfelter
JANET M. KLEINFELTER (BPR #13889)
Deputy Attorney General
Janet.kleinfelter@ag.tn.gov

ANDREW B. CAMPBELL (BPR #14258)
Senior Assistant Attorney General
Andrew.campbell@ag.tn.gov

ALEXANDER S. RIEGER (BPR 029362)
Assistant Attorney General
Alex.rieger@ag.tn.gov

MATTHEW D. CLOUTIER (BPR 036710)
Assistant Attorney General
Matt.cloutier@ag.tn.gov

Office of the Tennessee Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202
(615) 741-7403

*Attorneys for Defendants*

---

in the August primary election.  This matter was clarified in Defendants' Memorandum in Support of their Motion to Dismiss.  *See* DE 62 at PageID# 2324-25 and 2331.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing documents have been forwarded electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties named below. Parties may access this filing through the Court's electronic filing system.

William L. Harbison                 Danielle Lang
Lisa K. Helton                      Ravi Doshi
Christopher C. Sabis                Molly Danahy
Christina R.B. López                Jonathan Diaz
Sherrard, Roe, Voigt & Harbison, PLC   Campaign Legal Center
150 3rd Avenue South, Suite 1100    1101 14th Street NW, Suite 400
Nashville, TN 37201                 Washington, DC 20005

Ezra Rosenberg
Pooja Chaudhuri
Jacob Conarck
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005


Date:  August 14, 2020                  /s/ Andrew B. Campbell
                                        Andrew B. Campbell
                                        Senior Assistant Attorney General

4