IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MEMPHIS A. PHILIP RANDOLPH INSTITUTE, THE EQUITY ALLIANCE, FREE HEARTS, THE MEMPHIS AND WEST TENNESSEE AFL-CIO CENTRAL LABOR COUNCIL, THE TENNESSEE STATE CONFERENCE OF THE NAACP, SEKOU FRANKLIN, and KENDRA LEE,<br><br>                              Plaintiffs,<br><br>    v.<br><br>TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee, MARK GOINS, in his official capacity as Coordinator of Elections for the State of Tennessee, and AMY WEIRICH, in her official capacity as the District Attorney General for Shelby County, Tennessee,<br><br>                              Defendants. | Civil No. 3:20-cv-0374<br><br>JUDGE RICHARDSON<br>MAGISTRATE JUDGE FRENSLEY |

## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

Plaintiffs respectfully request the Court reconsider its Order denying Plaintiffs' motion to preliminarily enjoin Tennessee Code § 2-6-202(c)(4), because, as confirmed by the statutory text and a precisely on-point Attorney General's Opinion, it is based on a fundamental error as to which statutory provision prohibits the conduct Plaintiffs wish to undertake. Plaintiffs seek to distribute to their members and engaged communities, forms like the ones attached to the Doshi Declaration at Exhibits 10 and 17 (the "Forms"),[1] *see* Dkt. Nos. 40-2, 54-1, and allege that they are prohibited from doing so by Tennessee Code § 2-6-202(c)(4)'s criminal restriction against the unsolicited

---

[1] The version of the form that is applicable to the November 3, 2020 election may be obtained from the Secretary of State's web site using the hyperlink: *https://sos-tn-gov-files.tnsosfiles.com/Absentee%20Ballot%20Request%20Form.pdf*.

950849 13626-001

distribution of "request[s] for application for absentee ballot." The Court, however, denied Plaintiffs motion based on its understanding that the Forms are actually applications for absentee ballots, governed by Tennessee Code § 2-6-202(c)(3), rather than requests for such applications governed by Tennessee Code § 2-6-202(c)(4). Respectfully, the Court's finding is clearly in error, and because it caused the Court to deny Plaintiffs' Motion for Preliminary Injunction, Plaintiffs request that the Court reconsider and vacate its Order, and grant Plaintiffs motion for a preliminary injunction enjoining Tennessee Code § 2-6-202(c)(4).

The Court's erroneous ruling is based on an understandable confusion emanating from Tennessee's distinctions between "applications" and "requests" to vote by mail. An application is an official form which must be strictly controlled by the election commission (including that it must be tracked and can only be provided to voters one-at-a-time). *See* Tenn. Code § 2-6-202(a)(2), (c)(1). By contrast, an informal "request," while technically constituting a "request for an application," functions as a request for an absentee ballot when it contains the required information enumerated in Tennessee Code § 2-6-202(a)(3). *See* Tenn. Code § 2-6-202(a)(3).[2]

The terms "absentee ballot request" or "request for an absentee ballot" thus refer to requests for an application to vote absentee that include the information enumerated in Tennessee Code § 2-6-202(a)(3), and which are treated functionally, but not formally, as applications for an absentee ballot. Such "requests," however, are different from the formal "application for an

---

[2] Part of the confusion may have been caused by the State's advising the Court that "the election commission does not create a request for application for absentee ballot form," *see* Opp. at 35 n.24 On August 12, 2020, Plaintiffs requested via email that the State clarify for the Court that the Forms are "requests" governed by Tennessee Code § 2-6-202(c)(4), not "applications" governed by § 2-6-202(c)(3), in light of the Court's reliance on the State's arguments in denying Plaintiffs' Motion for Preliminary Injunction. *See* Order at 11. The State declined to address the substance of Plaintiffs' request, and also declined to affirmatively correct the record before for Plaintiffs or the Court, necessitating the filing of this motion. *Id.*
950849 13626-001

absentee ballot" that is referenced in Tennessee Code § 2-6-202(c)(3). *See* Tenn. Op. Atty. Gen. No. 95-003, 1995 WL 14087, at *3 (1995) ("The term "application for an absentee ballot" is not expressly defined in T.C.A. § 2–6–202(c)(3), but in context it appears that this term is limited to the official application forms that county election commissions are required to have pursuant to T.C.A. § 2–6–202(c)(1)."). They are, instead, the "request for an application" for absentee ballot referenced in Tennessee Code § 2-6-202(c)(4). Thus, whereas absentee ballot "applications" are governed by Tennessee Code § 2-6-202(c)(3), absentee ballot "requests" are governed by Tennessee Code § 2-6-202(c)(4).

Based on this unintuitive statutory scheme, the Forms Plaintiffs seek to distribute *are* considered to be "requests for an application" to vote absentee even though, as the Court notes, their function is to actually request an absentee ballot, rather than request an absentee ballot application. *See* Tenn. Code § 2-6-202(a)(3). Plaintiffs are thus prohibited from making unsolicited distributions of them pursuant to Tennessee Code § 2-6-202(c)(4), not Tennessee Code § 2-6-202(c)(3), and therefore, Plaintiffs do seek to enjoin the correct statute.

Given the error underlying the Court's Order, Plaintiffs urge the Court to reconsider and vacate its Order partially denying Plaintiffs' Motion for Preliminary Injunction and grant that Motion on the merits of Plaintiffs' claim. As this Court has recognized, "[t]ime is surely of the essence." Every day, Plaintiffs lose the opportunity to conduct core First Amendment civic participation activity for an Election less than three months away. Therefore, if this Court requires a response from Defendants, Plaintiffs request that it order that response no later than August 19th either in writing or by emergency hearing, and issue an order expediently thereafter.

## LEGAL STANDARD

District courts possess inherent authority under both the common law and Federal Rule of Civil Procedure 54(b) to reconsider interlocutory orders before the final entry of judgment. *See Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *see also In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment."). As a result, the district court may "afford such relief from [interlocutory orders] as justice requires." *Rodriguez*, 89 F. App'x at 959. "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.*

## ARGUMENT

**I. The Court Should Reconsider Its Order Denying Plaintiffs Motion In Light of the Clear Factual Error Underlying the Decision.**

While both "applications" to vote absentee and "requests" to vote absentee serve the same functional purpose—signing up a voter to vote by mail in an upcoming election—they are statutorily two different methods of obtaining an absentee ballot, not interchangeable terms. *See, also, e.g.*, Tenn. Code § 2-6-203 ("The voter may have anyone the voter chooses write the voter's request for an absentee ballot . . . or write out the voter's absentee voting by mail application."). "Applications" are governed by Tennessee Code § 2-6-202(c)(3), whereas "requests" are governed by Tennessee Code § 2-6-202(c)(4).

This Court analyzed the issues raised by Plaintiffs' motion under the assumption that the Forms at issue are "applications," and that, therefore, Plaintiffs had based their motion on the wrong statute. Order at 11. Respectfully, this was error. The "application to vote absentee" referenced in Tennessee Code § 2-6-202(c)(3) is an "official" form, *see* Tenn. Op. Atty. Gen. No.

950849 13626-001

95-003, 1995 WL 14087, at *3 (1995), that is only available from the election commission, and which, importantly, cannot be mass distributed—for example, by making it available online, *see* Tenn. Code § 2-6-202(c)(2) (noting that the election commission must track the distribution of applications to vote absentee, and can only provide them to voters one-at-a-time). Plaintiffs do not seek to distribute these official forms. Rather, Plaintiffs seek to distribute "requests" for an absentee ballot, which exist by operation of Tennessee Code § 2-6-202(a)(3), and are subject to the provisions of Tennessee Code § 2-6-202(c)(4)).

The distinction between "requests" and "applications" is clear in the controlling statutes, buttressed by an Attorney General opinion, and at least implicitly acknowledged by the State in its papers filed in this case.

### A. The Statutory Text Makes Clear That the Forms Plaintiffs Seek to Distribute Are Requests Governed by Tennessee Code § 2-6-202(c)(4), not Applications Governed by Tennessee Code § 2-6-202(c)(3).

In Tennessee, eligible voters may functionally seek approval to vote by mail in one of two ways: (1) by "application," *see* Tenn. Code § 2-6-202(a)(2), or (2) by a "request for an application" that is statutorily treated as a request for an absentee ballot when certain required information is provided, *see* Tenn. Code § 2-6-202(a)(3).

First, a voter may "complete an application to vote absentee at the voter's county election commission office." Tenn. Code § 2-6-202(a)(2). Such applications must either be supplied to a county election commission, or otherwise approved for use, by the coordinator of elections. *See* Tenn. Code § 2-6-202(c)(1). Their distribution is tightly controlled. *See* Tenn. Code § 2-6-202(c)(2). Indeed, the statute mandates that:

> [t]he election commission shall furnish only one (1) application for absentee voting . . . to any voter unless the voter notifies the commission that the voter has spoiled the application. If so, the commission shall supply the voter with a subsequent application or

950849 13626-001

5
Case 3:20-cv-00374   Document 69   Filed 08/14/20   Page 5 of 12 PageID #: 2396

> supplies. The commission shall note on the record that a subsequent
> application or supplies have been sent.

*Id.* This strict control regime, including the requirement that the election commission keep track of *each* absentee ballot application, necessarily means that *applications* to vote absentee cannot be made available to voters online, as are the Forms Plaintiffs seek to distribute. And it explains why "a person who is not an employee of an election commission commits a Class E felony if such person gives an application for an absentee ballot to any person." Tennessee Code § 2-6-202(c)(3). Each individual receiving an official application is intended to use that application only for him or herself and is not permitted to distribute it to any other person.

Second, a voter may "request from the county election commission office an application to vote absentee," which "request serves as an application for a ballot if the request contains" certain enumerated information, including the voter's name, address, date of birth, social security number, address outside the county (where necessary), the election for which they wish to vote absentee, and their reason for wanting to vote absentee.[3] *See* Tenn. Code § 2-6-202(a)(3). Unlike *applications* to vote absentee, there is no statutory limit on the number of *requests* for an application a voter may be provided, even if that request for an application is functionally treated as an application to vote absentee by operation of Tennessee Code § 2-6-202(a)(3). Such requests for an application—containing all the enumerated information required for treatment as an absentee ballot request—are made available online by county election commissions and the State. *See, e.g.*, Doshi Decl. Exs. 10, 17. Nevertheless, "a person who is not an employee of an election

---

[3] If the voter's request for an application does not contain all of the information required by Tennessee Code § 2-6-202(a)(3) to function as a request for an absentee ballot, the election commission will then send the voter an official application to vote absentee. *See* Tenn. Code § 2-6-202(b).

950849 13626-001

commission commits a Class A misdemeanor if such person gives an unsolicited request for application for absentee ballot to any person." Tenn. Code § 2-6-202(c)(4).

The statutory regime—while admittedly counterintuitive—confirms that under Tennessee law, a voter may obtain an absentee ballot by either (1) completing an absentee ballot "application," or (2) by completing a "request for an application" to vote absentee (*i.e.*, an absentee ballot "request"). *See* Tenn. Code § 2-6-202. It also confirms that absentee ballot request forms, like the Forms that Plaintiffs seek to distribute, are, as a matter of the statutory language, actually *requests for an application* to vote by mail, not *applications* to vote by mail. This is evident, most notably, because such online-available forms are not strictly controlled—including through recordkeeping and one-at-a-time distribution—as is statutorily-required of absentee ballot applications. *See* Tenn. Code § 2-6-202(a)(2). And because the Forms are statutorily designated as *requests for an application*, despite their functional treatment as requests for an absentee ballot under Tennessee Code § 2-6-202(a)(3), their distribution by Plaintiffs is governed by Tennessee Code § 2-6-202(c)(4), not Tennessee Code § 2-6-202(c)(3).

### B. An Attorney General's Opinion Confirms Plaintiffs' Understanding That the Forms They Seek to Distribute Are Requests Governed by Tennessee Code § 2-6-202(c)(4), not Applications Governed by Tennessee Code § 2-6-202(c)(3).

Tennessee Attorney General's Opinion No. 95-003 explains the statutory scheme, confirms Plaintiffs' understanding, and clarifies the history that led to the strange terminology at play here. *See* Tenn. Op. Atty. Gen. No. 95-003, 1995 WL 14087 (1995). In the Opinion, which was issued before the enactment of Tennessee Code § 2-6-202(c)(4), the Attorney General explained that prior to 1993, a voter who wanted to vote by mail could do so only if they first "obtained and completed an application for an absentee ballot from the county election commission." *Id.* at *1. But in 1993, the law was amended to include what is now codified as Tennessee Code § 2-6-202(a)(3), which

permits a voter's request for an application to vote by mail to serve as a request for an absentee ballot if it includes the enumerated information. *See id.* at *2 (noting that "[b]y allowing a voter's request for an application to serve directly as an application for a ballot, [the amendment] reversed the pre–1993 rule that a voter's request for an absentee ballot would be treated instead as a request for an application form").

Notwithstanding the addition of Tennessee Code § 2-6-202(a)(3), the Attorney General noted that "[t]he Election Code continues to require, however, that county election commissions shall have an *official* application form which voters may use to obtain an absentee ballot by mail." *Id.* (citing Tenn. Code § 2-6-202(c)(1)–(c)(3)).[4] As the Attorney General then explained, it is *only* these "official application form[s]" that are governed by Tennessee Code § 2-6-202(c)(3). *Id.* at *3 (stating that while "[t]he term 'application for an absentee ballot' is not expressly defined in T.C.A. § 2-6-202(c)(3), . . . in context it appears that this term is limited to the *official application forms* that county election commissions are required to have pursuant to T.C.A. § 2–6–202(c)(1)." (emphasis added)). Put differently, the "official application form" whose distribution is criminalized by Tennessee Code § 2-6-202(c)(3) is the one that must be provided or approved by the coordinator of elections, *see* Tenn. Code § 2-6-202(c)(1), and whose distribution is regulated by the requirements that election officials only "furnish one (1) application for absentee voting" to a voter at a time, and that they keep records of each absentee ballot application that is distributed pursuant to Tennessee Code § 2-6-202(c)(2). *See Id.* at *3–*4 (opining that Tennessee Code § 2-6-202(c)(3) "should be narrowly construed only as prohibiting any person not employed by an

---

[4] The Opinion also cites to what was then codified as Tennessee Code § 2-6-202(c)(4): "Unless otherwise required by federal law, the county election commission shall retain a spoiled application for a ballot for six (6) months." *Id.* This provision, which is now codified at Tennessee Code § 2-6-202(c)(5), further highlights the strict control regime for absentee ballot applications.

950849 13626-001

8
Case 3:20-cv-00374   Document 69   Filed 08/14/20   Page 8 of 12 PageID #: 2399

election commission from distributing the election commission's official application form for an absentee ballot," and "not as prohibiting such a person from . . . distributing an unofficial form to be used by voters to request an official application for an absentee ballot, even though such a request may serve directly as an application for an absentee ballot if it contains all of the information specified in T.C.A. § 2–6–202(a)(3)(A)–(E)"). Thus, the Forms that Plaintiffs seek to distribute—which are found online, and are not tracked individually by the election commission—are *not* the official application form governed by Tennessee Code § 2-6-202(c)(3), but rather are *requests for an application* for an absentee ballot subject to the prohibitions in Tennessee Code § 2-6-202(c)(4), even though they may be statutorily treated as applications for such a ballot under Tennessee Code 2-6-202(a)(3).

The Tennessee Attorney General's Opinion has never been revisited by the State and is consistent with Plaintiffs' argument here—that the unsolicited distribution of the Forms is, in fact, prohibited by Tennessee Code § 2-6-202(c)(4), and not by Tennessee Code § 2-6-202(c)(3). While such Forms may appear to be, and functionally serve as, applications to vote by mail (when the voter provides the required information), they are not actually the "official application form" referenced in the Attorney General's Opinion as the "only" form governed by Tennessee Code § 2-6-202(c)(3). Instead, they are, pursuant to the statute and the Attorney General's interpretation of it, requests for an application to vote absentee.

**C. The State's Motion to Dismiss Also Implies Its Agreement That the Forms They Seek to Distribute Are Requests Governed by Tennessee Code § 2-6-202(c)(4), not Applications Governed by Tennessee Code § 2-6-202(c)(3).**

In its recent Motion to Dismiss Filing, the State also appears to implicitly acknowledge that the Forms Plaintiffs seek to distribute are statutorily considered to be requests for an application to vote by mail, rather than applications to vote by mail. *See* Dkt. No. 62 ("Defs.' Mot.

Dismiss"). In that filing, Defendants substantially repeat the same arguments proffered in opposition to Plaintiffs' Motion for Preliminary Injunction as to Tennessee Code § 2-6-202(c)(4) on the merits. But, importantly, they no longer make the argument that "the election commission does not create a request for application for absentee ballot form," implying that the State may have changed its position on the issue. *Compare* Dkt. No. 46 at 35 n.24 *with* Defs.' Mot. Dismiss at 16–25.

## II. Alternatively, the Court Should Order the State to Clarify Its Position Expeditiously.

To the extent any confusion remains about whether the Forms are subject to Tennessee Code § 2-6-202(c)(4), it can be easily resolved by the State in a response filing or at an emergency hearing on Plaintiffs' Motion for Reconsideration. *Cf. supra* n. 2 (noting that the State declined to provide such clarity prior to Plaintiffs' filing of this motion). Plaintiffs therefore respectfully request that the Court require the State to clarify its position on the criminal provision governing the Forms and to do so no later than Wednesday, August 19th. Even should the Court deny this motion—it should not—Plaintiffs cannot ascertain their next steps without an understanding of the State's position on its own criminal laws. "Time is surely of the essence" here and the contrast between this Court's order, on the one hand, and statutory text and the Attorney General's opinion, on the other, has created confusion among Organizational Plaintiffs and other similarly situated individuals and groups about the criminal penalties (felony or misdemeanor) that may attach to any dissemination of the Forms.

## CONCLUSION

For the reasons articulated herein, the Court should reconsider its Order partially denying Plaintiffs' Motion for Preliminary Injunction as to Tennessee Code § 2-6-202(c)(4) and find in Plaintiffs' favor on the merits. In all events, Plaintiffs urge this Court to rule on this motion to

950849 13626-001

10
Case 3:20-cv-00374 Document 69 Filed 08/14/20 Page 10 of 12 PageID #: 2401

reconsider expeditiously so that Plaintiffs can determine their next steps and plan their civic participation activities accordingly.


Dated: August 14, 2020

Danielle Lang*
Ravi Doshi*
Molly Danahy*
Jonathan Diaz*
Campaign Legal Center
1101 14th Street NW, Suite 400
Washington, DC 20005
Tel.: (202) 736-2200
dlang@campaignlegalcenter.org
rdoshi@campaignlegalcenter.org
mdanahy@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org

Respectfully submitted,

 /s/ Lisa K. Helton
William L. Harbison (No. 7012)
Lisa K. Helton (No. 23684)
Christopher C. Sabis (No. 30032)
Christina R.B. López (No. 37282)
Sherrard, Roe, Voigt & Harbison, PLC
150 3rd Avenue South, Suite 1100
Nashville, TN 37201
Phone: (615) 742-4200
Fax: (615) 742-4539
bharbison@srvhlaw.com
lhelton@srvhlaw.com
csabis@srvhlaw.com
clopez@srvhlaw.com


Ezra Rosenberg*
Pooja Chaudhuri*
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW Suite 900
Washington, DC 20005
Tel.: (202) 662-8600
erosenberg@lawyerscommittee.org
pchaudhuri@lawyerscommittee.org

*Admitted Pro Hac Vice

**Certificate of Service**

       I, Lisa Helton, certify, pursuant to Local Rule 5.01, that on this 14th day of August, 2020, the foregoing Memorandum in Support of Motion for Reconsideration was served via the Court's CM/ECF filing system on the following:

Janet Kleinfelter
Andrew B. Campbell
Alexander Rieger
Matthew D. Cloutier
Office of the Tennessee Attorney General
301 6th Ave. N.
Nashville, Tennessee 37243
janet.kleinfelter@ag.tn.gov
andrew.campbell@ag.tn.gov
alex.rieger@ag.tn.gov
matt.cloutier@ag.tn.gov

*Counsel for Defendants*

                                                                                    */s/ Lisa K. Helton*