IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MEMPHIS A. PHILLIP RANDOLPH INSTITUTE, et al. | ) ) |
| Plaintiffs, | ) NO. 3:20-cv-00374 ) ) JUDGE RICHARDSON |
| v. | ) ) |
| TRE HARGETT, et al., | ) ) |
| Defendants. | ) |

**ORDER**

Plaintiffs have moved the Court to reconsider its Order (Doc. No. 66) denying in part Plaintiffs' Motion for Preliminary Injunction. (Doc. No. 68, "Motion"). By 5:00 p.m. on Wednesday, August 19, 2020, Defendants shall respond to the Motion. In their response, Defendants shall make clear the substance and basis for their position as to whether the particular form ("Form")[1] Plaintiffs seek to distribute is: (i) a request for an application for an absentee ballot within the meaning of Tenn. Code Ann. § 2-6-202(c)(4)[2]; (ii) an application for an absentee ballot

---

[1] In their Motion, Plaintiffs use the plural, "Forms." But the Court uses the singular based on its understanding that there is currently a single version of the form at issue.

[2] Crucially, whether the Form is a request for an application for an absentee ballot within the meaning of Tenn. Code Ann. § 2-6-202(c)(4) is not the same issue as whether the State chooses (dubiously) to treat the form as a request for an application for an absentee ballot that, under § 2-6-202(a)(3), qualifies for treatment as an application for an absentee ballot. The Court fully understands that pursuant Tenn. Code. Ann. § 2-6-202(3), a request for an application for an absentee ballot serves as an application for an absentee ballot if the request contains the information set forth in Tenn. Code Ann. § 2-6-202(a)(3)(A-G). The Court likewise fully understands that *any* submission to a county election commission (depending on what it asks for and what information it contains) could be a request for an application for an absentee ballot that serves as an application for a ballot pursuant to Tenn. Code. Ann. § 2-6-202(3). However, it is entirely clear that the Form does not request *an application for* an absentee ballot; it requests only an absentee ballot. Therefore, it seems quite clear that the Form is not actually a request for an application for an absentee ballot.

If the State deems the Form to serve as an application for an absentee ballot under Tenn. Code Ann. § 2-6-202(a)(3) in particular, then that necessarily would mean that the State is treating the Form as if it were (initially, as received) a request for an application for an absentee ballot. If so, in the Court's view, such treatment (though perhaps convenient for the State) is erroneous because the Form is not in any way, shape or form truly a request for an application for an absentee ballot. In other words, if the Form ends up serving, in the State's view, as an application

within the meaning of Tenn. Code Ann. § 2-6-202(c)(3); or (iii) something else, such as, for example, a request for an application for an absentee ballot within the meaning of Tenn. Code Ann. § 2-6-202(a)(3) but not Tenn. Code Ann. § 2-6-202(c)(4). If Defendants believe that the Form constitutes a request for an application for an absentee ballot within the meaning of either Tenn. Code Ann. § 2-6-202(c)(4) or Tenn. Code Ann. § 2-6-202(a)(3), or both, Defendants shall further explain why they unambiguously represented to the Court that there was no such thing as an official form for a request for an application for an absentee ballot. (Doc. No. 46 at 34).

And if Defendants believe that the Form—whether or not it also constitutes a request for an application for an absentee ballot within the meaning of Tenn. Code Ann. § 2-6-202(c)(4)—is fairly considered a request for an application for an absentee ballot (within the meaning of Tenn. Code Ann. § 2-6-202(a)(3)) that is properly treated by the State as an application for an absentee ballot under Tenn. Code Ann. § 2-6-202(a)(3), then Defendants shall explain the basis for such belief, given that the Form: (i) nowhere requests, or contemplates in any way whatsoever, that a successful submitter will receive a mere application for an absentee ballot rather than an absentee ballot itself; (ii) indeed specifically suggests that submitters will *not* receive an application for an absentee ballot, inasmuch as the stated deadline for submission of the Form is the deadline for submitting an application for an absentee ballot, and thus is plainly not a deadline for requesting an application for an absent ballot (which would have to be set earlier for an application to be received soon enough to be timely submitted); and (iii) requires a verification under oath and under

---

for an absentee ballot under Tenn. Code Ann. § 2-6-202(a)(3), that is not because the Form is (or ever was) a true request for an application for an absentee ballot in the first place. And the Court fails to see how a form that, whatever its treatment by the State, never actually was a request for an application for an absentee ballot can possible serve as proper grist for a prosecution under Tenn. Code Ann. § 2-6-202(c)(4). In short, the issue in a prosecution under Tenn. Code Ann. § 2-6-202(c)(4) would be whether the accused distributed (with the required mens rea) a *request* for an application for an absentee ballot. This is *not* the same as whether the accused distributed a form that the State deems an application for an absentee ballot under Tenn. Code Ann. § 2-6-202(a)(3) under some convenient fiction that the form constituted in the first instance a *request* for an application for an absentee ballot. The State would be prudent to address these issues, and the Court's understanding thereof, in its response ordered hereunder.

penalty of perjury that all information on the Form is true and correct and that the submitter is eligible to vote in the election, even though Tenn. Code Ann. § 2-6-202(a)(3) requires no such thing for any request for an application for an absentee ballot to be cognizable or to be treated as an application for an absentee ballot.

If Defendants believe that the Form constitutes a request for an application for an absentee ballot within the meaning of Tenn. Code Ann. § 2-6-202(c)(4), it shall address several additional issues that are especially probative of whether Plaintiffs would, as they claim, suffer irreparable injury absent the enjoinment of the enforcement of Tenn. Code Ann. § 2-6-202(c)(4). Collectively, the questions are intended to provide the Court with Defendants' representations regarding the likelihood of the enforcement of the (exclusively criminal) proscription of Tenn. Code Ann. § 2-6-202(c)(4) against the distribution of the Form.

First, Defendants shall provide their understanding of whether the State would ever undertake to convince a jury to find beyond a reasonable doubt that someone distributing the Form has committed the crime of distributing (with the required degree of mens rea) a request for an application for an absentee ballot.[3] If so, then Defendants shall provide their understanding of how the State would undertake further to have such a conviction upheld on appeal in the face of arguments that the distributor was convicted for conduct not proscribed by the particular statute charged (Tenn. Code. Ann. § 202-6-202(c)(4)) and that the statute is unconstitutionally vague as applied specifically to the act of distributing the Form, which on its face gives absolutely no

---

[3] As should be abundantly clear by now, and as the Court realizes the parties well understand, this question is different from the question of whether the State would undertake to prosecute someone for distributing an application for an absentee ballot in violation of Tenn. Code Ann. § 2-6-202(c)(3).

indication whatsoever that it is a mere request for an application for an absentee ballot rather than a request (application) for the absentee ballot itself.[4]

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[4] "'[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.' *Kolender* [*v. Lawson,* 461 U.S. 352, 357 (1983)] (citations omitted). . . . [A]n 'as applied' challenge to [a law] . . . requires that we determine whether it is unconstitutionally vague as applied to the specific facts of this case." *Risbridger v. Connelly*, 275 F.3d 565, 572 (6th Cir. 2002).