# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MEMPHIS A. PHILLIP RANDOLPH INSTITUTE, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> TRE HARGETT, et al., <br><br> *Defendants*. | Civil No. 3:20-cv-0374 <br><br> JUDGE RICHARDSON <br> MAGISTRATE JUDGE FRENSLEY |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY

Two weeks after Magistrate Judge Frensley held an hour-long conference with the parties to discuss case management, Defendants filed a motion that would disrupt the Court's Case Management Order by requesting that all discovery be stayed until the Court resolves the question of whether Plaintiffs have standing to bring their alleged claims. *See* Dkt. No. 63 ("Defs' Mot. Stay"). In seeking a stay, however, Defendants do not attempt to carry their burden of showing that it is actually necessary. Moreover, Plaintiffs would be prejudiced by a stay of discovery. As such, Plaintiffs respectfully request that the Court deny Defendants' Motion to Stay.

## FACTUAL BACKGROUND

On July 23, 2020, more than two weeks after Defendants first argued to this Court that Plaintiffs lack standing to bring their claims in their opposition to Plaintiffs' motion for preliminary injunction, the parties jointly submitted to the Court their proposed initial case management order. *See* Dkt. No. 56 ("Proposed CMO"). While the parties had some disagreements about the appropriate case management deadlines, in the Proposed CMO, Defendants did not argue that all discovery should be stayed until the Court's resolution of their underlying standing argument. *See*

*id.* Five days later, during the Rule 16 Conference before Magistrate Judge Frensley, Defendants argued their positions regarding their preferred case management deadlines, but again, did not suggest that the Court should stay discovery until after resolution of their argument that Plaintiffs lack standing to bring their claims. *See* Doshi Decl. ¶ 3. On July 28, 2020, Magistrate Judge Frensley entered the Initial Case Management Order. *See* Dkt. No. 58. Nearly two weeks later, and without having first met-and-conferred with Plaintiffs about their Motion, *see* Doshi Decl. ¶ 4, Defendants requested that the Court stay discovery pending resolution of their Motion to Dismiss.

## ARGUMENT

The Federal Rules of Civil Procedure do not explicitly provide for a motion to stay discovery, but courts have interpreted such a motion as being akin to a motion for protective order. *See, e.g.*, *Cockrill v. Mortg. Elec. Registration Sys.*, No. 3:13-0031, 2013 WL 1966304, at \*2 (M.D. Tenn. May 10, 2013), report and recommendation adopted sub nom., 2013 WL 2385134 (M.D. Tenn. May 30, 2013). Under such a framework, a stay should not issue unless the party seeking it demonstrates "good cause" requiring such a stay. *See id.* Other courts have similarly suggested that "[i]n evaluating a motion to stay discovery, the court must weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Hugueley v. Parker*, No. 3:19-CV-00598, 2020 WL 434255, at \*1 (M.D. Tenn. Jan. 28, 2020) (citing *Bowens v. Columbus Metropolitan Library Bd. of Trustees*, No. 2:10–cv–219, 2010 WL 3719245, at \*1 (S.D. Ohio Sept. 16, 2010) (Abel, M.J.)). Whatever the precise wording of the test to be applied, "[g]enerally, the filing of a case dispositive motion is insufficient to warrant a stay of discovery." *Id.*; *see also* Local Rule 16.01(g) ("Discovery is not stayed, *including during the pendency of dispositive motions*, unless specifically authorized by Fed.R.Civ.P. 26(d) or by order of the Court . . . ." (emphasis added)); *Kurtz v. Dep't of the*

*Army*, 2007 WL 9789535, at *1 (M.D. Tenn. June 15, 2007) (noting that the Local Rules "generally contemplate[] that discovery will not be stayed during the pendency of dispositive motions").

The only justification that Defendants offer to stay discovery pending resolution of their motion to dismiss is the fact that they have filed a motion to dismiss. *See* Defs' Mot. Stay at 1–2. They do not otherwise offer any argument that a stay is warranted, nor do they make any showing that they will be prejudiced absent a stay. Even under the most lenient interpretation of the legal standard to be applied in adjudging a motion to stay discovery, Defendants' motion does not meet the bar.

This Motion is not the first time Defendants have failed to make any showing that a stay of discovery is necessary pending resolution of their challenge to Plaintiffs' standing. Only a few weeks before filing this Motion, Defendants appeared before the Court to argue their preferred case management deadlines. If Defendants believed they would be prejudiced by the commencement of discovery, the case management conference—where a discovery plan was explicitly discussed—was the time to say so. But in that conference, Defendants did not raise the possibility that they might need a stay of discovery. *See* Doshi Decl. ¶ 3. Rather, Defendants agreed in the Proposed CMO that "[d]iscovery shall commence immediately upon the entry of this Order." Proposed CMO at 6. Defendants failure to request any stay of discovery during the case management conference, and agreement that discovery should commence immediately, further demonstrates that there is no good cause to stay discovery pending resolution of Defendants' motion to dismiss, nor prejudice to Defendants by permitting discovery to continue.

By contrast, the issuance of a stay of discovery will prejudice Plaintiffs. During the case management conference, Defendants urged the Court to adopt an early deadline for amendments to the Complaint. *See* Proposed CMO at 5 (seeking deadline of August 28, 2020 to amend

pleadings). Plaintiffs objected, noting that at least some discovery would be necessary before the amendment deadline for Plaintiffs to test and refine—as necessary—their claims. *See* Doshi Decl. ¶ 2. The Court mostly agreed, and set an amendment deadline of December 1, 2020, approximately four months from now. Dkt. No. 58 at ¶ I. Defendants' Motion to Stay now threatens that deadline and threatens the Court's case management order by denying Plaintiffs discovery until such time as the Court is able to resolve Defendants' motion to dismiss. Plaintiffs should not be required to face such prejudice, particularly given that Defendants' Motion makes no attempt to demonstrate why a stay of discovery is necessary.[1]

## CONCLUSION

For the reasons articulated herein, Plaintiffs respectfully request that Defendants' Motion to Stay Discovery be denied.

Dated: August 24, 2020

Respectfully submitted,

/s/ Lisa K. Helton

| | |
|---|---|
| Danielle Lang* | William L. Harbison (No. 7012) |
| Ravi Doshi* | Lisa K. Helton (No. 23684) |
| Molly Danahy* | Christopher C. Sabis (No. 30032) |
| Jonathan Diaz* | Christina R.B. López (No. 37282) |
| Campaign Legal Center | Sherrard, Roe, Voigt & Harbison, PLC |
| 1101 14th Street NW, Suite 400 | 150 3rd Avenue South, Suite 1100 |
| Washington, DC 20005 | Nashville, TN 37201 |
| Tel.: (202) 736-2200 | Phone: (615) 742-4200 |
| dlang@campaignlegalcenter.org | Fax: (615) 742-4539 |
| rdoshi@campaignlegalcenter.org | bharbison@srvhlaw.com |
| mdanahy@campaignlegalcenter.org | lhelton@srvhlaw.com |
| jdiaz@campaignlegalcenter.org | csabis@srvhlaw.com |
| | clopez@srvhlaw.com |

---

[1] Defendants did not meet-and-confer with Plaintiffs prior to filing their Motion to Stay, as required by Local Rule 7.01(a)(1), which provides that "all motions . . . including discovery motions, must state that counsel for the moving party has conferred with all other counsel" in advance of filing the motion. Such failure violates the Local Rules, and provides an independent ground for denying the Motion.

Ezra Rosenberg*
Pooja Chaudhuri*
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW Suite 900
Washington, DC 20005
Tel.: (202) 662-8600
erosenberg@lawyerscommittee.org
pchaudhuri@lawyerscommittee.org

*Admitted Pro Hac Vice

## Certificate of Service

I, Lisa Helton, certify, pursuant to Local Rule 5.01, that on this 24th day of August, 2020, the foregoing Opposition to Defendants' Motion to Stay was served via the Court's CM/ECF filing system on the following:

Janet Kleinfelter
Andrew B. Campbell
Alexander Rieger
Matthew D. Cloutier
Office of the Tennessee Attorney General
301 6th Ave. N.
Nashville, Tennessee 37243
janet.kleinfelter@ag.tn.gov
andrew.campbell@ag.tn.gov
alex.rieger@ag.tn.gov
matt.cloutier@ag.tn.gov

*Counsel for Defendants*

                                                                          */s/ Lisa K. Helton*