IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MEMPHIS A. PHILLIP RANDOLPH INSTITUTE, et al., | ) ) ) | |
| Plaintiffs, | ) ) | NO. 3-20-cv-00374 |
| v. | ) ) | JUDGE RICHARDSON |
| TRE HARGETT, et al., | ) ) ) | |
| Defendants. | ) | |

**PRELIMINARY INJUNCTION ORDER**

Pending before the Court is Plaintiffs' Motion for Preliminary Injunction (Doc. No. 40, "Motion"). The Court has issued three Orders (Doc. Nos. 55, 66, and 77) denying the Motion in part.[1] Remaining for decision is Plaintiffs' request for the Court to enjoin enforcement of Tenn. Code Ann. § 2-2-115(b)(7) to the extent it provides, "Each person who registers by mail shall appear in person to vote in the first election the person votes in after such registration becomes effective." ("first-time voter restriction").[2]

---

[1] Previously, the Court denied Plaintiffs' request to the extent it sought a preliminary injunction before the August 6, 2020 election (Doc. No. 55); denied Plaintiffs' request to preliminarily enjoin Tenn. Code Ann. § 2-6-202(c)(4) (Doc. No. 66); and denied Plaintiffs' request to preliminarily enjoin Tenn. Code Ann. §§ 2-6-202(g) and 2-6-204 (Doc. No. 77). As for the second of these denials, the Court adhered to it in an order (Doc. No. 73) denying Plaintiffs' motion (Doc. No. 68) to reconsider it.

[2] As explained in the accompanying Memorandum Opinion and Order, Plaintiffs as well as election officials in Tennessee have construed "regist[ration] by mail" in this context to include registration online, and thus, as used herein, "by mail" shall encompass "online."

For the reasons stated in the accompanying Memorandum Opinion and Order, Plaintiffs' Motion for Preliminary Injunction (Doc. No. 40) is **GRANTED** insofar as it seeks to preliminarily enjoin enforcement of the first-time voter restriction.

In determining whether to issue a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) whether the movant has shown a strong or substantial likelihood of success on the merits; (2) whether irreparable harm will result without an injunction; (3) whether issuance of a preliminary injunction will result in substantial harm to others; and (4) whether the public interest is advanced by the injunction. *Northeast Ohio Coalition for Homeless v. Husted*, 696 F.3d 580, 591 (6th Cir. 2012); *Brashear v. CCG Sys., Inc.*, No. 1:18-cv-00059, 2018 WL 5044348, at *1 (M.D. Tenn. Oct. 17, 2018).

As explained in the accompanying Memorandum Opinion and Order, the Court finds that: Plaintiffs have demonstrated a strong or substantial likelihood of success on the merits of their claim as to the first-time voter restriction; Plaintiffs have also demonstrated that they likely will suffer immediate and irreparable injury if injunctive relief is not granted pending trial; that the balance of harm to non-parties ultimately weighs, if anything, in favor of Plaintiffs and against Defendants; and the public interest on balance will not be harmed by the existence of injunctive relief pending trial.

It is, therefore, **ORDERED**, pursuant to Federal Rule of Civil Procedure 65, that Defendants and their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them are hereby enjoined and restrained, pending further order of the Court, from enforcing the first-time voter restriction, meaning, primarily and among other things, that with respect to first-time voters who registered to vote in Tennessee by mail or online, the

eligibility to vote by mail shall be made without reference to the requirement set forth in Tenn. Code Ann. § 2-2-115(b)(7).[3]

In addition, Defendants shall publicize the relief granted by this Order by all reasonable means, including a notice prominently place on Defendant Hargett's website. The relief set forth herein shall be implemented without delay and so as to be effective for the national election scheduled to take place on November 3, 2020.

The bond requirement of Federal Rule of Civil Procedure 65 is hereby waived.

This preliminary injunction is effective upon its issuance on September 9, 2020, at 5:00 p.m.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that Tenn. Code Ann. § 2-2-115(b)(7) includes, in addition to the first-time voter restriction, a requirement that a person who registered by mail "present satisfactory proof of identity" before voting in person. Nothing herein shall impair the prerogative of election officials to enforce this requirement with respect to any such person who, despite the existence of this preliminary injunction, chooses to vote in person.