IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MEMPHIS A. PHILIP RANDOLPH INSTITUTE, THE EQUITY ALLIANCE, FREE HEARTS, THE MEMPHIS AND WEST TENNESSEE AFL-CIO CENTRAL LABOR COUNCIL, THE TENNESSEE STATE CONFERENCE OF THE NAACP, SEKOU FRANKLIN, and KENDRA LEE, <br><br> Plaintiffs, <br><br> v. <br><br> TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee, MARK GOINS, in his official capacity as Coordinator of Elections for the State of Tennessee, and AMY WEIRICH, in her official capacity as the District Attorney General for Shelby County, Tennessee, <br><br> Defendants. | Civil No. 3:20-cv-0374 <br><br> JUDGE RICHARDSON <br> MAGISTRATE JUDGE FRENSLEY |

**NOTICE**

On September 9, 2020, the Court issued an order temporarily enjoining the State's first-time voter restriction, codified at Tennessee Code § 2-6-115(b)(7). DE # 79. In footnote 10, the Court noted that the declaration of Corey Sweet was not entirely clear on whether Mr. Sweet is an NAACP member. *Id.* at 19 n.10. This issue is raised again in Defendants' reply in support of their motion to dismiss. DE # 82 at 4–5. To clarify matters for the Court and Defendants, Plaintiffs herein submit an additional declaration of Gloria Sweet-Love, the president of Tennessee NAACP, clarifying that Mr. Sweet—who is her grandson—is a member of Tennessee NAACP. Ex. A at ¶ 3.

In their reply, Defendants raise another issue: the fact that Mr. Sweet's July 6 declaration addresses how he was affected by the first-time voter restriction for the August election, not the

upcoming November election. DE # 82 at 5. The Court recognized this as well in its preliminary injunction opinion. DE # 79 at 20 n.12. Plaintiffs relied on and re-submitted that same declaration with their opposition to Defendants' Motion to Dismiss in order to show that at the time the claim was filed in June 2020, Plaintiffs had standing to sue. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 426 (2013) (standing is assessed "as of the time a suit is filed"); *see also Cleveland Branch, N.A.A.C.P. v. City of Parma, OH*, 263 F.3d 513, 526 (6th Cir. 2001) ("[T]he court must determine whether standing exists at the time of the filing of the complaint only"). While Plaintiffs do not believe the Court understood such re-submission to speak to anything but Mr. Sweet's circumstances as of July 6 when he signed, *see* DE # 79 at 20 n.12, and deeply regret any confusion they caused if it did, in the interest of full candor to the Court, Plaintiffs write to update the Court on Mr. Sweet's current circumstances.[1]

First, because of the First-Time Voter Restriction, Mr. Sweet was unable to and did not vote in the August primary. Ex. B ("Second Decl. of Corey Sweet") at ¶ 6. Thus, importantly, Mr. Sweet remains subject to the First-Time Voter Restriction, which poses an absolute bar to him voting absentee. *Id.* at ¶ 8; *see* DE # 79 at 20 ("The Court concludes that Sweet has sufficiently established that the first-time voter restriction is applicable to him, and thus would prevent him from voting absentee, and that he otherwise has standing to challenge the first-time voter restriction.").

---

[1] At the time the motion to dismiss opposition was submitted, Plaintiffs' counsel was aware of the change of circumstances for Mr. Sweet that are described below. When Plaintiffs' counsel resubmitted all of the relevant prior declarations, including Mr. Sweet's, in connection with the motion to dismiss briefing to support Plaintiffs' standing at the time suit was filed, they did not intend to imply that all circumstances in the declarations remained unchanged. However, Plaintiffs regret the failure to clarify these subsequent events on the record at the time. Counsel takes seriously its duty of candor to the Court and discloses this course of events in that spirit. Counsel takes full responsibility for any confusion it may have caused.

Second, since his July 6 declaration was signed, Mr. Sweet has transferred from Xavier University to the University of Memphis. Second Decl. of Corey Sweet at ¶ 3. Mr. Sweet now lives at his parents' home in Shelby County, Tennessee. *See id.* at ¶¶ 4, 6. As this Court knows, the Davidson County Chancery Court's order that would have allowed Mr. Sweet to vote absentee absent the First-Time Voter Restriction has been vacated in favor of a narrower set of COVID-19 eligibility criteria. DE # 79 at 5. Thus, Mr. Sweet will only be eligible to vote absentee if this Court's preliminary injunction stands and he meets one of the eligibility criteria. Since several of the criteria are time-specific, Mr. Sweet does not know if he will be out of the county during the relevant period, will be ill, will be called to jury duty, or will otherwise be eligible to vote absentee. Second Decl. of Corey Sweet at ¶ 9. But he does know that he will be barred absolutely from voting absentee regardless absent this Court's order enjoining the First-Time Voter Restriction. *See id.* at ¶ 8; DE # 79 at 21 ("A voter always has standing to challenge a statute that places a requirement on the exercise of his right to vote.").

The fact of Mr. Sweet's enrollment out-of-state did not appear to factor into this Court's well-reasoned September 9 opinion. Indeed, the Court recognized that Mr. Sweet's enrollment at Xavier was contingent: "*If* he has to return to college (at Xavier University in Louisiana) in person, rather than taking his classes remotely from Shelby County, he cannot afford to come home to Shelby County just to vote." DE # 79 at 20. In short, the Court was aware that Mr. Sweet would not necessarily be at Xavier University this Fall, and nonetheless correctly concluded that his standing, as established by his July 6 declaration, fulfilled the requirement that NAACP identify a member who "*had suffered* or would suffer harm." *Summers v. Earth Island Institute*, 555 U.S. 488, 498 (2009).[2]

---

[2] Of course, if the Court desires further explanation on the impact of Mr. Sweet's changed

Dated: September 10, 2020                                      Respectfully submitted,

       */s William L. Harbison*

| | |
|---|---|
| Danielle Lang* | William L. Harbison (No. 7012) |
| Ravi Doshi* | Lisa K. Helton (No. 23684) |
| Molly Danahy* | Christopher C. Sabis (No. 30032) |
| Jonathan Diaz* | Christina R.B. López (No. 37282) |
| Campaign Legal Center | Sherrard, Roe, Voigt & Harbison, PLC |
| 1101 14th Street NW, Suite 400 | 150 3rd Avenue South, Suite 1100 |
| Washington, DC 20005 | Nashville, TN 37201 |
| Tel.: (202) 736-2200 | Phone: (615) 742-4200 |
| dlang@campaignlegalcenter.org | Fax: (615) 742-4539 |
| rdoshi@campaignlegalcenter.org | bharbison@srvhlaw.com |
| mdanahy@campaignlegalcenter.org | lhelton@srvhlaw.com |
| jdiaz@campaignlegalcenter.org | csabis@srvhlaw.com |
| | clopez@srvhlaw.com |

Ezra Rosenberg*
Pooja Chaudhuri*
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW Suite 900
Washington, DC 20005
Tel.: (202) 662-8600
erosenberg@lawyerscommittee.org
pchaudhuri@lawyerscommittee.org

*Admitted Pro Hac Vice

---

circumstances on its Order, Plaintiffs would be happy to address any of the Court's concerns via status conference or further briefing. Plaintiffs emphasize that while Mr. Sweet's stake in this case is not moot—he is still subject to the First-Time Voter Restriction—even if it were, that should not change the outcome of the Court's order. *See Cleveland Branch, N.A.A.C.P. v. City of Parma, OH*, 263 F.3d 513, 526 (6th Cir. 2001) (finding that where the organizational plaintiff's named member met the standing requirements at the time the suit was filed, the fact that the member was no longer presently being harmed by the defendant did not divest him, and consequently the organizational plaintiff of standing or render the case moot); *see also In re: 2016 Primary Election*, 836 F.3d 584, 588 (6th Cir. 2016) ("Challenges to election laws quintessential[ly] evade review because the remedy sought is rendered impossible by the occurrence of the relevant election.").

       Plaintiffs further note that for the reasons articulated herein, they oppose Defendants' Motion to Stay the Court's Injunction (DE # 83). Plaintiffs intend to submit a formal response to that Motion per the Court's Order by September 14, 2020, but also welcome the opportunity to discuss the issue with the Court after the related-case conference on September 11, 2020.

## Certificate of Service

I, Bill Harbison, certify, pursuant to Local Rule 5.01, that on this 10th day of September, 2020, the foregoing Notice was served via the Court's CM/ECF filing system on the following:

    Janet Kleinfelter
    Andrew B. Campbell
    Alexander Rieger
    Matthew D. Cloutier
    Office of the Tennessee Attorney General
    301 6th Ave. N.
    Nashville, Tennessee 37243
    janet.kleinfelter@ag.tn.gov
    andrew.campbell@ag.tn.gov
    alex.rieger@ag.tn.gov
    matt.cloutier@ag.tn.gov

    *Counsel for Defendants*

                                                      */s William L. Harbison*