IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MEMPHIS A. PHILIP RANDOLPH
INSTITUTE, et al.,

    *Plaintiffs*,

v.

TRE HARGETT, et al.,

    *Defendants*.

Civil No. 3:20-cv-0374

JUDGE RICHARDSON
MAGISTRATE JUDGE FRENSLEY

**PLAINTIFFS' REQUEST TO FILE SURREPLY, OR, IN THE ALTERNATIVE, TO DEEM THE PRESENT FILING AS A SURREPLY**

In their reply in support of their Motion for Reconsideration, Defendants argue that:

> [A]s of May 1, 2020 (the date this case was initiated), Mr. Sweet was in Memphis, and—notwithstanding his professed enrollment at Xavier University until his "transfer[]" to the University of Memphis in "mid to late July"—he never left Memphis. (See Second Sweet Decl., DE 86-2, PageID# 2669–2670.) Thus, Mr. Sweet was not eligible to vote absentee when this lawsuit was filed on May 1, 2020.

Dkt. No. 97 ("Reply") at 4–5. This statement is inaccurate, and therefore, misleading.[1] Mr. Sweet's declaration was offered to substantiate Tennessee NAACP's standing to bring the First-Time Voter claim. Plaintiffs' original complaint was filed on May 1, 2020. *See* Dkt. No. 1. But the First Time Voter claim was not pled until June 12, 2020, in Plaintiffs' Amended Complaint. *See* Dkt. No. 39. Thus, it was pled seven days *after* the Davidson County Chancery Court issued its order requiring the state to permit essentially all Tennesseans—including Mr. Sweet—to vote absentee. *See Fisher*

---

[1] Plaintiffs do not intend to suggest that Defendants intentionally misled the Court, but nonetheless are compelled to point out the error, given its importance to the substance of Defendants' argument.

*v. Hargett*, No. 20-0435-III (Davidson Cnty. Chancery Ct. June 4, 2020) (conferring eligibility to vote absentee to *all* Tennessee voters fearing COVID-19), *reversed in part* 604 S.W. 3d 381 (Tenn. 2020) (maintaining the trial court's injunction for the August 6, 2020 election such that Mr. Sweet could have voted by mail but for the First-Time Voter Restriction). As such, on June 12, 2020, the date on which the First-Time Voter claim was filed, Mr. Sweet—who asserted specifically that he wished to vote absentee due to his fear of COVID-19—was eligible to vote absentee.[2] Defendants' assertion that he lacked standing at the time the claim was filed is therefore in error.[3]

In light of the above, and recognizing that sur-replies are typically disfavored, Plaintiffs hereby request the Court's leave to file a brief sur-reply,[4] or in the alternative, that the Court deem

---

[2] On September 16, 2020, shortly after receiving Defendants' reply, counsel for Plaintiffs emailed Defendants' counsel to request that they correct the record for the Court themselves. Defendants' counsel responded stating that, in their view, "the argument is proper and that no correction is necessary," thereby necessitating this filing.

[3] While Defendants' assertion was factually inaccurate for the reason identified here, it also fails legally for another reason. Even if the First-Time Voter claim had been filed on May 1, 2020, it would have been filed concurrently with Tennessee NAACP's challenge to the absentee voting eligibility criteria, which together harmed Mr. Sweet by preventing him from voting absentee. Ultimately, Tennessee NAACP only moved on the First-Time Voter claim because the state court proceeding resolved the absentee eligibility claim before June 12, 2020 (when the preliminary injunction motion was filed). But even absent the Chancery Court's ruling, Tennessee NAACP had standing to bring both claims as of May 1, 2020 because both equally served to cause Mr. Sweet's harm—the inability to vote by mail—which would be addressed by relief on both claims.

[4] Were Plaintiffs to file a sur-reply, they would also note: (1) that Defendants' reply in support of their Motion for Reconsideration is improper under the Local Rules, *see* L.R. 7.01(a)(3) (forbidding a response to a motion for reconsideration absent a court order); (2) that Defendants' repeated claim that they did not have an opportunity to address Corey Sweet's declaration is incorrect, since the declaration was filed on July 7, 2020, was not challenged in Defendants' Motion to Dismiss filed on August 10, 2020, and in fact, went unchallenged until Defendants' reply in support of their motion to dismiss was filed on September 10, 2020 (after the Court noted Defendants' failure to challenge the declaration); (3) that Defendants' improper reply does not actually address Plaintiffs' principally-cited cases on the standing question, most notably including *Cleveland Branch, N.A.A.C.P. v. City of Parma, OH*, 263 F.3d 513, 526 (6th Cir. 2001); and (4) that even if Defendants' had carried their burden of showing that the claim challenging the First-Time Voter Restriction is moot, which they have not, the issue is capable of repetition yet evading review, under the law.

this request to serve as a sur-reply and consider it as such in weighing Defendants' Motion for Reconsideration and to Stay the injunction of the First-Time Voter Restriction. Defendants have indicated that they will oppose Plaintiffs' request without an opportunity to file further briefing themselves (which Plaintiffs do not believe is necessary or warranted).

Dated: September 17, 2020

Respectfully submitted,

   */s William L. Harbison*

| | |
|---|---|
| Danielle Lang* | William L. Harbison (No. 7012) |
| Ravi Doshi* | Lisa K. Helton (No. 23684) |
| Molly Danahy* | Christopher C. Sabis (No. 30032) |
| Jonathan Diaz* | Christina R.B. López (No. 37282) |
| Campaign Legal Center | Sherrard, Roe, Voigt & Harbison, PLC |
| 1101 14th Street NW, Suite 400 | 150 3rd Avenue South, Suite 1100 |
| Washington, DC 20005 | Nashville, TN 37201 |
| Tel.: (202) 736-2200 | Phone: (615) 742-4200 |
| dlang@campaignlegalcenter.org | Fax: (615) 742-4539 |
| rdoshi@campaignlegalcenter.org | bharbison@srvhlaw.com |
| mdanahy@campaignlegalcenter.org | lhelton@srvhlaw.com |
| jdiaz@campaignlegalcenter.org | csabis@srvhlaw.com |
| | clopez@srvhlaw.com |

Ezra Rosenberg*
Pooja Chaudhuri*
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW Suite 900
Washington, DC 20005
Tel.: (202) 662-8600
erosenberg@lawyerscommittee.org
pchaudhuri@lawyerscommittee.org

*Admitted Pro Hac Vice

## Certificate of Service

I, Bill Harbison, certify, pursuant to Local Rule 5.01, that on this 17th day of September, 2020, the foregoing Request was served via the Court's CM/ECF filing system on the following:

>Janet Kleinfelter
>Andrew B. Campbell
>Alexander Rieger
>Matthew D. Cloutier
>Office of the Tennessee Attorney General
>301 6th Ave. N.
>Nashville, Tennessee 37243
>janet.kleinfelter@ag.tn.gov
>andrew.campbell@ag.tn.gov
>alex.rieger@ag.tn.gov
>matt.cloutier@ag.tn.gov

*Counsel for Defendants*

                                                              */s William L. Harbison*