IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MEMPHIS A. PHILLIP RANDOLPH INSTITUTE, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) NO. 3:20-cv-00374<br>) JUDGE RICHARDSON<br>) |
| TRE HARGETT, et al., | )<br>)<br>) |
| Defendants. | ) |

## ORDER

Pending before the Court is Defendants' Motion to Stay (Doc. No. 83, "Motion to Stay"). Plaintiffs have filed a response in opposition (Doc. No. 92) to the Motion to Stay, and Defendants have filed a reply (Doc. No. 97). Via the Motion to Stay, Defendants ask the Court to stay its Preliminary Injunction Order (Doc. No. 80), pending resolution of Defendants' Motion to Dismiss (Doc. No. 61), based on the issue of Plaintiffs' standing to raise the claim addressed in the Preliminary Injunction Order. For the reasons stated herein, the Motion to Stay is **DENIED**.

On September 9, 2020, this Court enjoined, pending further order of the Court, enforcement of the "first-time voter requirement" in Tenn. Code Ann. § 2-2-115(b)(7), insofar as it provides that those who registered to vote in Tennessee by mail must "appear in person to vote in the first election the person votes in after such registration becomes effective." (Doc. Nos. 79 and 80). Defendants asked the Court to reconsider its Preliminary Injunction Order based upon the issue of standing. (Doc. No. 87, "Motion to Reconsider"). On September 28, 2020, the Court denied Defendants' Motion to Reconsider. (Doc. No. 103, "Reconsideration Order").

The Court can discern no asserted basis for the Motion to Stay other than the grounds—all relating to Plaintiffs' alleged failure to show associational standing for the Tennessee State Conference of the NAACP ("Tennessee NAACP")—raised in the Motion to Reconsider and rejected in the Court's Reconsideration Order.[1] To the contrary, in urging the Court to stay the injunction, Defendants argue that "this Court should grant a stay of the injunction while it considers Defendants' arguments about Mr. Sweet's standing." (Doc. No. 97 at 10).[2] The Court has now considered Defendants' arguments in the Motion to Reconsider about Mr. Sweet's standing—and the associated standing of the Tennessee NAACP—and has denied Defendants' Motion to Reconsider, having adhered to its finding of standing for purposes of the preliminary injunction as to the first-time voter requirement.

The Court realizes that Defendants moved to stay pending a decision on the Motion to Dismiss, not the Motion to Reconsider. The Motion to Dismiss still remains pending and conceivably could assert arguments against the Tennessee NAACP's associational standing that Defendants did not make in connection with their Motion to Reconsider; if so, then the Court could not explain the denial of the Motion to Stay solely by reference to its rejection of the arguments set forth in the Motion to Reconsider. But in fact the Motion to Dismiss raises no arguments regarding (refuting) the associational standing of Tennessee NAACP that were not raised in the Motion to Reconsider; in fact, as the Reconsideration Order made clear, (Doc. No. 103 at 10),

---

[1] In this regard, for example, Defendants nowhere set forth any standard for the granting of a stay of a preliminary injunction, let alone explain why the applicable standard is satisfied based on issues unrelated to the Tennessee NAACP's alleged lack of standing.

[2] Defendants argued that Mr. Sweet's declaration was improperly filed and that Defendants had been given no opportunity to challenge Mr. Sweet's declaration until they filed their Motion to Stay. The Court fully addressed these arguments in its Reconsideration Order.

Defendants' initial memorandum (Doc. No. 82) in support of their Motion to Dismiss did not say anything about the alleged associational standing of the Tennessee NAACP. Defendants' reply in support of the Motion to Dismiss, filed after the Court granted the preliminary injunction at issue, does address this issue, but it does not raise any arguments not addressed in the Reconsideration Order. For these reasons, to say that the Motion to Reconsider does not support a stay, given the Court's conclusions in the Reconsideration Order, is to say that the Motion to Dismiss also does not support a stay.

Therefore, and for the reasons more fully explained in the Reconsideration Order, Defendants' Motion to Stay is **DENIED**.[3]

IT IS SO ORDERED.

                                                *Eli Richardson*
                                                ELI RICHARDSON
                                                UNITED STATES DISTRICT JUDGE

---

[3] As indicated above, Defendants nowhere set forth the applicable standard for staying a preliminary injunction order. It follows that Defendants are unable to explain why the standard is satisfied based on the points made in Defendants' Motion to Reconsider. These fundamental omissions substantially undercut Defendants' claim to have shown grounds for a stay based on Defendants' continuing questioning of the existence of associational standing for the Tennessee NAACP.