IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MEMPHIS A. PHILLIP RANDOLPH INSTITUTE, et al., ) ) ) Plaintiffs, ) ) ) v. ) ) TRE HARGETT, et al., ) ) Defendants. ) | NO. 3-20-cv-00374 JUDGE RICHARDSON |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Emergency Motion for a Stay Pending Appeal (Doc. No. 109, "Motion"),[1] filed by Defendants on October 5, 2020. Via the Motion, Defendants ask the Court to reconsider its September 9, 2020 Preliminary Injunction Order (Doc. No. 80, "Preliminary Injunction Order"), which granted Plaintiffs' Motion for Preliminary Injunction (Doc. No. 40, "Preliminary Injunction Motion") to the extent of enjoining the enforcement of Tenn. Code Ann. § 2-2-115(b)(7)'s requirement that first-time voters who registered to vote by mail must appear in person to vote ("first-time voter requirement"). The Motion is **DENIED** because this Court lacks jurisdiction to consider it.

## BACKGROUND

The day after the Court entered its Preliminary Injunction Order, Defendants filed a motion to stay the Preliminary Injunction Order (Doc. No. 83) based upon the issue of standing, which Defendants claim does not exist for any Plaintiff. The next day, Defendants filed a motion to

---

[1] In filing the Motion, Defendants failed to comply with Local Rule 7.01(a)(2), which requires a memorandum of law to be filed separately in support of a motion of this type.

reconsider the Preliminary Injunction Order (Doc. No. 87), also based on Plaintiffs' alleged lack of standing. After further briefing on these motions, the Court denied the motion to reconsider on September 28, 2020 and denied the motion stay the next day. (Doc. Nos. 103, 107). A full week after the Court denied the motion to reconsider, and six days after the Court denied the (first) motion to stay, Defendants filed the instant Motion, asserting two grounds for a stay. First, Defendants asserted (once again) that Plaintiffs lacked standing. Second, Defendants asserted (for the first time, 26 days after the issuance of the Preliminary Injunction Order) that the Court's decision to grant the Preliminary Injunction Motion was wrong on the merits, for multiple purported reasons. On short notice, at the Court's instruction, Plaintiffs have filed a response to the Motion. (Doc. No. 112).

## **LACK OF JURISDICTION TO RULE ON THE MOTION TO STAY**

"It is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal. *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Nat. Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995), *cited in Doe v. Franklin Cty. Children's Servs.*, No. 2:20-CV-4119, 2020 WL 5642159, at *1 (S.D. Ohio Sept. 22, 2020). This rule applies "unless that appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court." *Id.* (citing *Rucker v. U.S. Dep't of Labor*, 798 F.2d 891, 892 (6th Cir. 1986)).

Here, Defendants filed a Notice of Appeal on October 5, 2020 (Doc. No. 108), and then filed the instant Emergency Motion to Stay (Doc. No. 109). The Notice of Appeal was timely (within the thirty-day time limit for an appeal); it was an appeal from an appealable final order (Preliminary Injunction Order); and it does not raise only issues that were previously ruled upon

by the appellate court. In other words, "none of the exceptions necessary for this Court to retain jurisdiction after the appeal's filing is applicable." *Doe*, 2020 WL 5642150, at *1.

As was the case in *Doe*, the basis for Defendants' Motion to Stay and the subject of their appeal to the Sixth Circuit are the same. *See Doe*, 2020 WL 5642150, at *2. In considering this second motion to stay its Preliminary Injunction Order, the Court would need to consider again the same four factors it already considered when making its decision to issue the preliminary injunction and its decision to deny Defendants' first motion to stay. The Sixth Circuit Court of Appeals will consider these same factors when it makes a decision on Defendants' pending appeal. "In asking this Court to re-consider those factors in their Motion to Stay the District Court's Grant of Preliminary Injunction Pending Appeal, Defendants are asking this Court to answer the very questions that Defendants divested it of jurisdiction to consider when they filed the notice of appeal." *Doe*, 2020 WL 5642150, at *2. Thus, all the matters raised in Defendants' emergency motion to stay are related to the merits of the appeal, and therefore, this Court lacks jurisdiction to consider and rule on the motion. *See Decorative Panels Int'l, Inc. v. Int'l Ass'n of Machinists & Aerospace Workers & its Lodge W-260*, No. 13-cv-10798, 2014 WL 5847602, at *2 (E.D. Mich. Nov. 12, 2014).

## **CONCLUSION**

Given such lack of jurisdiction, the Court will refrain from making any comment about the substance, timing, prudence or extent of the redundancy of the Motion. Instead, the Court's role at this juncture is simply to deny the motion for lack of jurisdiction and leave matters in the hands of the Sixth Circuit.

As Defendants have made abundantly clear, there are not big fans of the Preliminary Injunction Order. At this juncture, however, their complaints about it must be addressed by the Sixth Circuit, not this Court.

Accordingly, the Motion (Doc. No. 109) is **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

.