IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

MEMPHIS A. PHILLIP RANDOLPH INSTITUTE, et al.,

    Plaintiffs,

v.                                                     No. 3:20-cv-00374

TRE HARGETT, et al.,

    Defendants.

## MOTION TO QUASH SUBPOENA

Comes now movant, Linda Phillips, Shelby County Administrator of Elections (hereinafter "Movant"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure rule 45(d)(3)(A), and moves this Court to quash the subpoena issued from the District Court for the Middle District of Tennessee, and for her cause states the following grounds:

1. On November 12, 2020, Plaintiffs issued the attached subpoena which included seven (7) numbered paragraphs requesting significantly voluminous and extensive documents and/or demanding Movant compile certain data with a deadline for response of November 25, 2020.

2. The Movant was served a copy of the subpoena on November 13, 2020.

3. The issuing party's subpoena fails to allow a reasonable time to comply in violation of Fed. R. Civ. P. 45(d)(3)(A)(i), and in fact, many of the requests would be impossible to obtain responses for by the proposed deadline of November 25, 2020 given that the Movant is in the middle of certifying the November 3, 2020 Federal election. In addition Movant is conducting a run-off election in the City of Collierville, set for December 8, 2020; early voting in that election has already begun and runs through December 3rd.

1

4. The issuing party or its counsel has failed to avoid undue burden and expense on respondent and the Shelby County Election Commission as required by Fed. R. Civ. P. 45(d)(1) and subjects respondent and the Shelby County Election commission to undue burden as considered in Fed. R. Civ. P. 45(d)(3)(A)(iv);

5. The issuing party's need for the documents requested in their subpoena is greatly outweighed by the onerous burdens placed on Movant, a non-party to this lawsuit.

6. Movant relies on the Affidavit of Linda Phillips, Administrator of Elections for the Shelby County Election Commission in support of this motion, attached hereto as EXHIBIT A.

7. Movant asks the Court to quash the attached subpoena for the above stated below.

## LAW AND ARGUMENT

"[O]n a timely motion, the court "must quash or modify a subpoena that ... subjects a person to undue burden." In re: Modern Plastics Corp., 890 F.3d 244, 251 (6th Cir. 2018), reh'g denied (May 17, 2018), cert. denied sub nom. New Products Corp. v. Dickinson Wright, PLLC, 139 S. Ct. 289 (2018) (citing Fed. R. Civ. P. 45(d)(3)(A)(iv)).

> Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Court must quash or modify a subpoena that: (i) does not allow reasonable time to comply; (ii) requires a person to comply beyond the geographical limits in Rule 45(c); (iii) requires disclosure of a privileged or protected matter; or (iv) subjects a person to an undue burden. Fed. R. Civ. P. 45(c)(3)(A). The Court may also quash subpoenas where: (i) the subpoena would require disclosure of a trade secret or confidential research; or (ii) the subpoena would require disclosure of an unretained expert's opinion. Fed. R. Civ. P. 45(c)(3)(B).

Gulley v. Lapaglia, No. 3:12-CV-371, 2013 WL 6713565, at *1 (E.D. Tenn. Dec. 19, 2013). Courts must "balance the need for discovery against the burden imposed on the person ordered to produce documents," and the status of that person as a non-party is a factor. In re: Modern Plastics Corp., at 251 (quoting Am. Elec. Power Co., Inc. v. United States, 191 F.R.D. 132, 136 (S.D. Ohio

2

1999)). "A court must protect a non-party subject to a subpoena if it 'requires disclosure of privileged or other protected matter' or the subpoena 'subjects a person to undue burden.' " *United States v. Tenn. Walking Horse Breeders' and Exhibitors Ass'n*, 727 F. App'x 119, 123 (6th Cir. 2018)

The requirements of Rule 45 of the Federal Rules of Civil Procedure are mandatory and are not mere suggestions. <u>Hill v. Homeward Residential, Inc.</u>, 799 F.3d 544, 553 (6th Cir. 2015) ([Appellant urges] us to "temper[ ]" the "technical" Rules by interpreting them "through the lens of common sense." But these rules were not made to be "tempered"; they were made to be "technical"—from the specific amount of fees tendered, to the court issuing the subpoena, to the geographic scope of the request."). Plaintiff and counsel for Plaintiff failed to abide by the mandatory requirements in Rule 45 to take steps to avoid imposing an undue burden on Movant. The scope of the requests, number of categories, and breadth of those categories along with the insufficient time to respond leave little doubt of the undue burdens placed on Movant by Plaintiff or its counsel.

Petitioners, through counsel, served the attached subpoena duces tecum upon Movant, a non-party to this litigation, on November 13, 2019. (EXHIBIT 1 to EXHIBIT A). The subpoena includes over four (4) pages of descriptions, definitions, and instructions and two (2) pages containing seven (7) numbered paragraphs, each with multiple sub parts, requiring Movant to produce compilations of data, documents, and communications by November 25, 2020. Several requests demand documents and data "sufficient to show" particular desired results and/or representations, with some requests which would require hundreds of hours of time to produce (e.g. the number of first-time voters who registered by mail who voted absentee in the November 3, 2020 election would require Movant's staff to go through 30,000 applications one at a time as there is not a readily accessible reporting function to produce Petitioner's desired results).

The subpoena does not comply with the requirements of Fed. R. Civ. P. 45, places an undue burden and extreme expense on a non-party, does not give sufficient time to respond to the voluminous, broad requests, and the balance of the benefit to the Plaintiffs is outweighed by the undue burden placed on Movant. A plain, cursory reading of the subpoena reveals that Plaintiff and counsel for Plaintiff have not attempted to avoid undue burden and expense on the SCEC, on the contrary, the sheer breadth of the requests suggests the opposite (See e.g. request #7 and definition S). Moreover, several of the requests are likely readily available from the Defendants in this case and could be obtained through ordinary discovery procedures available to Petitioners. Evidently, given the posture of Plaintiff's case, this Subpoena is an attempt to either circumvent the discovery limitations they currently face or an effort to intentionally burden Movant right after an election when the work for Movant and its staff is far from over. Accordingly, the Court should as a matter of course quash the subpoena issued to Movant.

"Rule 45 generally imposes a duty on the issuer of a subpoena to take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena. <u>In re Digital Res., LLC</u>, 246 B.R. 357, 372–73 (B.A.P. 8th Cir. 2000) (citing Fed. R. Civ. P. 45(c)(1)). Subpoena requests are unduly burdensome if the requests are broad in scope in terms of the number of categories of requests, the breadth of each category, and if the time frame for response to the requests is insufficient. <u>See</u> <u>In re: Modern Plastics Corp.</u>, at 251.

    a. <u>Inappropriate and vague requests</u>

As an initial matter, the requests submitted to Movant are inappropriate requests to a non-party third party. The majority of Plaintiffs' request ask Movant to produce documents and data "sufficient to show" specific results or representations that are desirous for Plaintiff. It is improper for a party to rely on responses to a subpoena that implicitly seeks the respondent to advocate for

4

any particular party's legal position. See Alexander v. California Dep't of Corr., No. 2:08-CV-2773, 2010 WL 4069953, at *3 (E.D. Cal. Oct. 18, 2010) ("Reliance on the authority of the court to issue a subpoena duces tecum on a private party whom plaintiff implicitly seeks as an advocate would be improper."). In effect, the requests force Movant to become an advocate of the positions and representation of significance of the information Plaintiff is seeking in order to present it to the Court. While these requests may be appropriate to submit to as interrogatories and requests for production to a party, they are entirely inappropriate requests to a non-party, as they are not solely requests for document but also would require Movant to compile data from the documents requested.

Further, what is "sufficient to show" the requested specific results or representations from data is vague and subject to the desired results and representations Plaintiff wishes to present in its case. It is not incumbent on a non-party third-party to filter and sift through the tens of thousands of documents requested in order to show a particular data set result or representation. As they are written, the requests require Movant to dedicate significant staff resources that it does not have in order to produce documents in response to the Subpoena. Currently, Movant is in the process of finalizing the certification process for the November 3, 2020 elections as well as prepare for and conduct a runoff election (including early voting) for the City of Collierville. This makes the requests unduly burdensome and expensive as addressed in subsection c. below.

    b. <u>Insufficient time to respond</u>

Here the subpoena fails to provide Movant with reasonable time to respond to the extraordinarily broad, voluminous, onerous and burdensome document production requests. The subpoena was served on Movant on November 13, 2020 with a response deadline of November 25, 2020. The sheer volume of document requests (to say nothing of the requests for data

5

compilation) would take the Shelby County Election Commission (hereinafter "SCEC") many months to locate, review and redact while at the same time complying with its statutory duties to run elections in Shelby County.

Eleven (11) days and seven (7) business days to respond to Plaintiffs' subpoena is not a reasonable amount of time to respond to the subpoena request given the ongoing special election for Collierville, the upcoming Thanksgiving holiday, the tireless work by SCEC Staff for the last several months straight, and the pending staff vacations during the next two and a half months. (EXHIBIT A, ¶¶ 15-17). The SCEC does not have responses to or would require significant amounts of time to request, locate, review, and redact documents responsive to the subpoena. (EXHIBIT A, ¶¶ 6-14).

The SCEC is currently in the midst of certifying the November 3, 2020 election and running a special runoff election in Collierville, Tennessee and as a result does not have the staff resources to devote to this request and fulfill its duties to conduct the March 3, 2020 primary election. (EXHIBIT A, ¶ 15-17).

With seventeen (17) full time staff and twelve (12) regular part-time employees, the SCEC staff is already stretched to capacity in preparation for the March primary election. (EXHIBIT A, ¶ 17). Further, the SCEC will be operating with a skeleton staff from December 18 through January 11th, and SCEC staff who have been working tirelessly preparing, executing and certifying the August 6, 2020 primary and the November 3, 2020 general election are expected to be taking much deserved and earned vacation time during the months of December and January as well (EXHIBIT A, ¶15).

As a result, Movant does not have the time or staff resources to compile the voluminous document requests in the subpoena. Moreover, due to the volume of the requests Plaintiff and/or Plaintiff's counsel should have known that eleven (11) days (seven working days) was insufficient

6

time to respond to these requests. Accordingly, the Court should quash the subpoena issued by Plaintiff.

    c. Undue Burden and Expense

A party issuing a subpoena on a non-party witness or its counsel has a duty to take reasonable steps to avoid imposing an undue burden or expense on the non-party respondent. In re: Modern Plastics Corp., at 250-51. Many of the requests for documents in the Subpoena seek documents or compilation of data that can be obtained by Plaintiffs via alternative means. For example, the documents requests #2, #4, and #5 describe documents or information that is believed to be in the possession of the Defendant and should be available through ordinary discovery means. As a result these requests are duplicative of documents that should be available through discovery.

The scope of the requests in terms of the different types of documents sought, the breadth of documents within those categories, and only having 11 days to respond further imposes undue burdens and expense on Movant. The subpoena makes requests that would require significant amounts of time to process and then compounds them by adding numerous sub-parts and then applying them to special definitions all of which serves to further compound the amount of time it would take to provide any type of response to Plaintiff's subpoena. (EXHIBIT A, ¶ 15-17)

Based on the factors above it does not appear that Plaintiff and counsel for Plaintiff took any steps to avoid placing undue burdens and expense on Movant. Compliance with the subpoena would take multiple months and significant costs and expenses considering the broad scope of the requests, the number of categories, breadth of the categories, and insufficient time provided to respond. Consequently, the subpoena subjects the SCEC to undue burden and expense, does not give sufficient time to respond, and must be quashed.

    d. Burden of Production outweighs Plaintiff's need for the requested documents

The Court should grant Movant's motion to quash the subpoena because the burden of production far outweighs Plaintiffs need for the demanded documents.

> "[L]imiting discovery is appropriate when the burden of providing the documents outweighs the need for it. See Fed. R. Civ. P. 26(b)(2)(C). Specifically, '[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party.' The court's determination of '[w]hether a subpoena imposes an 'undue burden' depends upon 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.' Further, the status of a person or entity as a nonparty is a factor that weighs against disclosure.

*Long v. Tennessee Valley Auth.*, No. 3:09-CV-114, 2009 WL 10710417, at *2-3 (E.D. Tenn. Sept. 18, 2009).

Plaintiffs currently have no need for discovery given that the Court has dismissed the first Count of their complaint and one of the named Plaintiffs withdrew from the case (DE 119, PageID 2955). Furthermore, the Court has previously denied Plaintiff's preliminary injunction request for lack of a likelihood of success on the merits and lack of irreparable injury. (Order, DE 118; DE 119, PageID# 2955-2956), which was upheld on appeal by the Sixth Circuit (DE 119, PageID# 2956). Finally, Plaintiffs' case is currently on appeal challenging Plaintiff's standing to assert the only preliminary injunction request that was granted by this Court. Given the precarious position of Plaintiffs' case it appears unlikely they will succeed on the merits of this case and may not have standing to bring some of the claims alleged. Consequently, Plaintiffs have no need for the documents demanded at this time. Given the position of the case, Movant questions the very limited timeframe Plaintiffs' gave to produce such voluminous and time-consuming requests.

The Affidavit of Linda Phillips (EXHIBIT A) plainly evidences the overwhelming burdens placed on Movant by Plaintiffs' subpoena requests. They are onerous and some are also duplicative of documents obtainable from Defendants through discovery. Given the fact that the Court has

8

Case 3:20-cv-00374   Document 121   Filed 11/20/20   Page 8 of 10 PageID #: 3046

dismissed or denied the preliminary injunction requests of three counts in the complaint with a fourth currently on appeal on a challenge to Plaintiffs' standing, it is evident that t Plaintiffs do not have any significant need for the document requests. As a result, the burdens placed on Movant far outweigh and exceed Plaintiff's needs for the requests.

This point is further underscored in light of the pending Motion to Dismiss filed by the Defendants in this case (DE 63). Plaintiffs' standing has been challenged by the Defendants on the grounds that the complained-of statutes do not apply to Plaintiffs, Plaintiffs have not suffered any injury-in-fact causally connected to the challenged Tennessee statutes, and/or because they lack the basic requirements for organizational or associational standing. Assuming Defendants prevail on their motion to dismiss and/or their motion to stay discovery, any production work performed by Movant would be wasted time and money which further underscores just how far the burdens of production on Movant outweigh Plaintiffs alleged need (or lack thereof) of these documents. For this reasons, the Court should grant Movants motion and quash the subpoena.

If the Court denies Movant's motion to quash the subpoena as a matter of course pursuant to Fed. R. Civ. P. 45, Movant respectfully requests a hearing before the Court to determine reasonable and appropriate modifications to the Subpoena.

                                                Respectfully submitted,

                                                /s/ John L. Ryder
                                                John L. Ryder (Tenn. Disc. No. 8258)
                                                Pablo A. Varela (Tenn. Disc. No. 29436)
                                                Harris Shelton Hanover Walsh, PLLC
                                                40 S. Main Street, Suite 2210
                                                Tel: (901) 525-1455
                                                Fax: (901) 526-4084
                                                jryder@harrisshelton.com
                                                pvarela@harrisshelton.com

                                                *Counsel to Linda Phillips and*
                                                *The Shelby County Election Commission*

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing was served on:

WILLIAM L. HARBISON
LISA K. HELTON
CHRISTOPHER C. SABIS
CHRISTINA R.B. LOPEZ
Sherrard, Roe, Voigt & Harbison, PLC
150 3rd Avenue South, Suite 1100
Nashville, Tennessee 37201

EZRA ROSENBERG
POOJA CHAUDHURI
JACOB CONRACK
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005

DANIELLE LANG
RAVI DOSHI
MOLLY DANAHY
JONATHAN DIAZ
Campaign Legal Center
1101 14th Street NW, Suite 400
Washington DC 20005

JANET M. KLEINFELTER
ANDREW B. CAMPBELL
ALEXANDER S. RIEGER
MATTHEW D. CLOUTIER

Office of the Tennessee Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202

via U.S. Mail on this the 20th day of November 2020.

/s/ *Pablo A. Varela*
Pablo A. Varela