# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

MEMPHIS A. PHILLIP RANDOLPH INSTITUTE, et al.,

    Plaintiffs,

v.

No. 3:20-cv-00374

TRE HARGETT, et al.,

    Defendants.

## AFFIDAVIT OF LINDA PHILLIPS

STATE OF TENNESSEE

COUNTY OF SHELBY

    I, Linda Phillips, after first being duly sworn, under oath, and states as follows:

1. I am over the age of eighteen and competent to give sworn testimony.

2. I am employed as the Administrator of Elections for the Shelby County Election Commission ("SCEC").

3. I have personal knowledge of the facts set forth herein.

4. On November 13, 2020, the SCEC was served with a subpoena issued by the Memphis A. Phillip Randolph Institute, through their counsel, Christina Lopez of Sherrard Roe Voight & Harbison requesting numerous documents and communications related to a case in which the Shelby County Election Commission is not a party. A true, accurate and complete copy of the subpoena with the included attachment pages is attached hereto as EXHIBIT 1.

1

5. The subpoena contains over four (4) pages of descriptions, definitions and instructions, and two (2) pages of requests for documents contained in seven (7) numbered paragraphs, nearly all of which contain multiple subparts with a due date of November 25, 2020.

6. Compliance with the subpoena is impossible by November 25, 2020 and may not be possible at all in some cases. For example, in request #1 the SCEC does not have documents responsive to #1. The procedures requested are contained in the Tennessee Election Code.

7. Other requests are so broad and voluminous that it would take months to complete. For example, Request #3 asks for "documents sufficient to show" the number of first-time voters that registered by mail who voted absentee on November 3, 2020; the number of first-time voters who registered online and voted absentee; the number of first time voters who registered by mail and whose absentee ballots were rejected and the reasons therefore; the number of first-time voters who registered by mail whose absentee ballot applications or requests were rejected and the reasons; the number of first-time voters who registered online whose absentee ballots were rejected and the reasons; and the number of first-time voters who registered online whose absentee ballot applications or requests were rejected and the reasons. The SCEC does not have an effective or efficient manner to distinguish absentee applications for first time voters from those who were not first-time voters without going through 30,000 individual applications. It would be a matter of SCEC staff sifting through approximately 30,000 applications one-by-one to determine which of the 30,000 applications were for first-time voters. This alone would take approximately a month to complete.

8. As another example, request #5 subsection (c) would require the SCEC to review each individual absentee ballot request voter record one at a time to determine if there are

2

documents responsive to this request. For the August 6, 2020 primary election, the SCEC received just under 20,000 absentee ballot requests. For this request alone I estimate it will take SCEC staff approximately three weeks to determine if it has documents responsive to this request.

9. By way of another example, request #7 seeks "Individualized Information" for all voters that would fall into the categories Petitioners described in requests #3, #4, and #5. "Individualized Information" includes:

   a. Date absentee ballot application received;
   b. Date absentee ballot application processed;
   c. Date absentee ballot sent to voter, if applicable;
   d. Type (i.e. mail, email, or phone) and date of notice provided to voter of absentee ballot application rejection due to First-Time Voter restriction on absentee, voting, if any;
   e. Type (i.e. mail, email, or phone) and date of notice provided to voter of absentee ballot rejection due to First-Time Voter restriction on absentee, voting, if any;
   f. Type (i.e. mail, email, or phone) and date of notice provided to voter of absentee ballot application rejection due to inability to verify voter's signature, if any;
   g. Type (i.e. mail, email, or phone) and date of notice provided to voter of absentee ballot rejection due to inability to verify voter's signature, if any;
   h. Status of any letter or notice, i.e., whether it was returned;
   i. Any response to notice or letter, if applicable; and
   j. Whether the voter cast an accepted ballot in the August 6 and November 3 elections and, if so, by what means (in-person or by-mail)

   The SCEC Voter Registration system only contains information for subsections a, b, and c. Except for possible notes made on the applications or review of the Absentee Affidavits themselves, the SCEC does not currently have documents responsive that include information requested for d, e, f, g, or j.

10. For subsection h, the SCEC has approximately 4 boxes of returned mail with approximately 2000 pieces of returned mail which would include all mail that was returned to the SCEC.

11. None of the returned mail for the November 3, 2020 election have been processed yet.

3

Case 3:20-cv-00374   Document 121-1   Filed 11/20/20   Page 4 of 16 PageID #: 3052

12. For subsection i, the SCEC would have to review each and every voter record for each the 30,000 Absentee Ballot requests to determine if their request was rejected and whether they returned a corrected request. I estimate this request alone would take approximately a month to complete.

13. Subsection j, the Petitioners are asking the SCEC to produce a data analysis of the Participating voter list, which won't be available until Monday November 23, 2020.

14. The SCEC Voter Registration system is not designed for mass data queries. It is designed to provide access to individual records of individual voters one at a time, not in batches. There is no reporting mechanism or batch query function built into the SCEC Voter Registration system.

15. The SCEC has not yet completed the processing of documents which might contain documents responsive to request #6. These documents will not begin to be processed until after certification of the November 3, 2020 election and the Collierville Tennessee special runoff election. The Collierville runoff election is expected to be certified on December 17, 2020. My managers and I will be taking vacation time from December 21st through January 11th leaving the SCEC with a skeleton staff until then. Further, SCEC staff has also accumulated significant amount of vacation time which I expect they will be taking in December and early January. These documents will not be processed until probably the end of February 2021.

16. Currently the SCEC is very busy with the post-election certification process and also with a special runoff election for Collierville Tennessee, which include the early voting period. The SCEC does not have the resources to shift staff from certification of the November 3, 2020 election and running the special runoff election in to process the requests in the

4

Petitioner's subpoena. As a result, the earliest SCEC staff could dedicate time to beginning to compile response to these requests is after the certification of the Collierville runoff election in mid-December 2020. Even then I expect it will take several months to complete.

17. The Shelby County Election Commission has seventeen (17) full time staff and 12 regular part-time employees they are all currently at capacity to complete the post-election certification process for the November 3, 2020 election. The Commission does not have enough staff to devote any staff resources to processing the request in the subpoena contained in the subpoena by November 25, 2020. Further devoting any staff resources to processing the requests, at this time, would impede the Commissions duties in executing the runoff election for Collierville, Tennessee.

AFFIANT FURTHER SAYETH NOT.

_____
Linda Phillips

On this 19th day of November 2020, before me personally appeared Linda Phillips, to me known to the be person described in and who executed the foregoing instrument and acknowledged that such person executed the same by her own free will.

_____
Notary Public

My Commission Expires: Aug. 10, 2021



5

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| Memphis A. Phillip Randolph Institute, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:20-cv-00374 |
| Tre Hargett, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Steve Stamson, Chairperson, Shelby County Election Commission
157 Poplar Ave, Suite 137, Memphis, TN 38103

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attachment

| Place: Sherrard Roe Voigt & Harbison, c/o Kentucky Process Service<br>1079 Morehead St<br>Memphis, TN 38107 | Date and Time:<br>11/25/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/12/2020

*CLERK OF COURT*  OR  *Christina RB Lopez*

*Signature of Clerk or Deputy Clerk*  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Memphis A. Phillip Randolph Institute, et. al. , who issues or requests this subpoena, are:

Danielle Lang, Campaign Legal Center, 1101 14th St NW Suite 400, Washington, DC 20005, dlang@campaignlegalcenter.org, 202-856-7911
Christina R.B. Lopez, SRVH, PLC, 150 3rd Ave. South, Suite 1100, Nashville, TN 37201 clopez@srvhlaw.com, 615-742-4200

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:20-cv-00374

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                                                *Server's signature*

                                                                _____
                                                                *Printed name and title*

                                                                _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT

You are hereby instructed to produce documents related to the categories described below, using the Instructions and Definitions provided. You shall produce these documents no later than the close of business, 5:00 p.m., on November 25, 2020. These documents may be delivered electronically by secure electronic file transfer or email to Danielle Lang at dlang@campaignlegalcenter.org or physically delivered to Sherrard, Roe, Voigt, Harbison, c/o Kentucky Process Service, 1079 Morehead St, Memphis, TN 38107. Actual, physical delivery and/or production is required by 5:00 p.m. on November 25, 2020. It is not sufficient to place the documents in the mail or with any sort of delivery service by that date and time.

You shall produce the categories of documents described below, numbered 1 through 7, pursuant to the following instructions and definitions, lettered A through Z.

## INSTRUCTIONS

A. Unless otherwise noted, this subpoena seeks Documents created in or concerning the period from May 1, 2020, through the time of Your production, subject to Your obligation to supplement Your production.

B. This subpoena requires You to produce all responsive, non-privileged Documents that are in Your actual or constructive possession, custody, or control under Federal Rule of Civil Procedure 45. Unless otherwise requested, Your responses to this subpoena shall comprise all information in Your possession, custody, or control; these requests are not limited to Documents within Your physical possession. You shall make a diligent, reasonable, good-faith effort to produce any and all requested documents that are readily ascertainable and in Your possession, or that are readily ascertainable and otherwise within Your "control," meaning documents that You have the "legal right to obtain" within the meaning of the local rules of this Court and binding Sixth Circuit precedent. *See, e.g.*, *Flagg v. City of Detroit*, 252 F.R.D. 346 (E.D. Mich. 2008) (collecting Sixth Circuit case law).

C. For each Document or category of Documents requested, Your response must state that inspection and copying will be permitted as requested or state with specificity the grounds for objecting to the request. You may state that You will produce copies of Documents or of electronically stored information instead of permitting inspection.

D. For requests seeking data maintained by You, You must also provide any coding information or explanatory materials necessary to understand the data provided.

E. For requests seeking data maintained by You, if the specific statistical data is not available or is not available in the format requested, You must provide Documents or electronically stored information that contain as much of the requested information as is available and/or the closest approximation to this information that is available. If the requested statistical data is available in another format, identify that format in your production.

F. To the extent that Your responses to this subpoena may be enlarged, diminished, or otherwise modified by information acquired subsequent to Your initial responses hereto, Plaintiffs request that You promptly supplement Your responses with Documents reflecting such changes.

G. In providing the Documents called for by this subpoena, You shall produce them as they are kept in the usual course of business, including all file folders, envelopes, labels, indices, or other identifying or organizing material in which such Documents are stored or filed, under which they are organized, or which accompany such Documents or organize and label them to correspond with the specific request(s) to which they relate.

H. In the event that any Document called for by this subpoena has been destroyed, discarded or otherwise disposed of, identify each such Document by stating: (i) the author, addressor or addressee; (ii) the addressee or recipient of any indicated or blind copies; (iii) the date, subject matter and number of pages of the Document; (iv) the identity of any attachments or appendices to the Document; (v) all persons to whom the Document was distributed, shown or explained; (vi) the date, reason and circumstances of disposal of the Document; and (vii) the person authorizing and carrying out such disposal and each and every person with knowledge concerning the circumstances under which such Document was destroyed or disposed of.

I. If Documents that provide accurate answers are not available, You shall so state, shall provide best estimates, and shall describe how those estimates were derived, identifying the sources or bases of such estimates. Estimated data shall be followed by the notation "est."

J. This subpoena contemplates production of each requested Document in its entirety, without abbreviation or expurgation, except as justified by claims of attorney-client privilege or attorney work product protection. Any redacted material must be clearly identified on the Document.

K. If You claim any portion of any responsive Document is privileged or otherwise excludable from production or disclosure, You are requested to produce the non-privileged portion of the Document, with the privileged portion thereof redacted, and provide: (i) the type of document; (ii) the author, addressor, or addressee; (iii) the addressee or recipient of any indicated or blind copies; (iv) the date, subject matter and number of pages of the document; (v) the identity of any attachments or appendices to the Document; (vi) all persons to whom the Document was distributed, shown, or explained; (vii) the custodian and location of the Document; (viii) the type of privilege claimed or other reason for withholding the Document; and (ix) all of the circumstances upon which You base Your claim of privilege or otherwise withhold the Document. *See* Fed. R. Civ. P. 45(e)(2)(A).

L. If You claim that you are unable to provide certain responses to this subpoena on the basis of the "undue burden or expense" requirement under Federal Rule of Civil Procedure

45(d)(1), please identify the documents You are unable to provide and the basis for Your determination that providing them would result in "undue burden or expense."

**DEFINITIONS**

M. "Communication(s)" shall mean any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form including electronic forms such as e-mail or text message.

N. "Concern," "concerning," or "regarding" shall mean having any connection, relation, or reference to and include, by way of example and without limitation, discussing, identifying, containing, showing, evidencing, describing, reflecting, dealing with, regarding, pertaining to, analyzing, evaluating, estimating, constituting, comprising, studying, surveying, projecting, recording, relating to, summarizing, assessing, criticizing, reporting, commenting on, referring to in any way, either directly or indirectly, or otherwise involving, in whole or in part.

O. "Defendants" shall refer to Secretary of State Tre Hargett, in his official capacity as Tennessee Secretary of State, and Mark Goins, in his official capacity as Coordinator of Elections of Tennessee, and their predecessors, successors, attorneys, agents, or others acting on their behalf.

P. "Document" shall mean all documents, electronically stored information, and tangible things within the broadest possible interpretation of writing, as contained within Rule 1001 of the Federal Rules of Evidence, and/or within the broadest possible interpretation of "document," "electronically stored information," or "tangible thing," as contained in Rule 34 of the Federal Rules of Civil Procedure.

Q. "First-Time Voter" shall refer to voters subject to the restriction in Tenn. Code § 2-2-115(b)(7) that requires voters who register by mail (or online, pursuant to Defendants' interpretation) to "appear in person to vote in the first election the person votes in after such registration becomes effective."

R. "Individualized voter information" as used in this request includes:
a. First name
b. Last name
c. Middle name
d. Suffix
e. Street number and address
f. Apartment number
g. City
h. State
i. ZIP code
j. County
k. Mailing address, if different
l. Phone number
m. Voter ID number assigned by the election official

n. Date of birth
o. Date registered to vote
p. Means of registration (i.e. online, mail, in-person)
q. Prior registration history, if any
r. Prior voting history, including if the voter participated in a given election and by what means (i.e. in-person, absentee, etc.)
s. Current voter status (i.e. active, inactive, rejected, etc.)
t. Race, if available

S. "Individualized processing information" as used in this request includes the following information for the August 6 and November 3, 2020 elections:
a. Date absentee ballot application received;
b. Date absentee ballot application processed;
c. Date absentee ballot sent to voter, if applicable;
d. Type (i.e. mail, email, or phone) and date of notice provided to voter of absentee ballot application rejection due to First-Time Voter restriction on absentee, voting, if any;
e. Type (i.e. mail, email, or phone) and date of notice provided to voter of absentee ballot rejection due to First-Time Voter restriction on absentee, voting, if any;
f. Type (i.e. mail, email, or phone) and date of notice provided to voter of absentee ballot application rejection due to inability to verify voter's signature, if any;
g. Type (i.e. mail, email, or phone) and date of notice provided to voter of absentee ballot rejection due to inability to verify voter's signature, if any;
h. Status of any letter or notice, i.e., whether it was returned;
i. Any response to notice or letter, if applicable; and
j. Whether the voter cast an accepted ballot in the August 6 and November 3 elections and, if so, by what means (in-person or by-mail)

T. Person" means any natural person, firm, association, partnership, joint venture, corporation, business trust, banking institution, unincorporated association, government agency or any other entity, its officers, directors, partners, employees, agents, and representatives.

U. "Plaintiffs" shall refer to Memphis A. Philip Randolph Institute, The Equity Alliance, Free Hearts, Memphis and West Tennessee AFL-CIO Central Labor Council, The Tennessee State Conference of the NAACP, and Sekou Franklin.

V. "Subpoena" shall refer to the subpoena duces tecum issued to You and dated November 12, 2020 including this Appendix and all language contained therein.

W. "You" and "Your" refers to Steve Samson, in his official capacity as Chairperson of the Shelby County Election Commission, his predecessors and successors in their official capacities, and all officers, deputies, employees, agents, representatives, or others acting on his/her behalf.

X. All phrases following the terms "including," "including without limitation," and "including but not limited to" are intended to illustrate the kinds of information responsive to each

Request. Such examples are not intended to be exhaustive of the materials sought by the Request and shall not in any way be read to limit the scope of the Request.

Y. "And" and "or" mean and include both the conjunctive and the disjunctive, and shall be construed as necessary to bring within the scope of this production request all responses that might otherwise be construed to be outside their scope.

Z. In these definitions and in the Requests below, the singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.

**DOCUMENTS TO BE PRODUCED**

1. All Documents and Communications relating to any policies or procedures regarding (a) the receiving and processing of absentee ballots from First-Time Voters who registered to vote by mail or online; (b) signature matching for absentee ballots conducted pursuant to Tenn. Code § 2-6-202(g); and (c) notification, pursuant to Tenn. Code § 2-6-204(b), of voters whose absentee ballots were rejected.

2. All Documents and Communications regarding any directives, advisories, policies, procedures, information, or other guidance issued by Defendants or any official within the Secretary of State's office to You regarding (a) the receiving and processing of absentee ballots from First-Time Voters who registered to vote by mail or online; (b) signature matching for absentee ballots conducted pursuant to Tenn. Code § 2-6-202(g); and (c) notification, pursuant to Tenn. Code § 2-6-204(b), of voters whose absentee ballots were rejected.

3. For the November 3, 2020 election, documents sufficient to show (a) the number of First-Time voters who registered by mail who voted absentee in the November 3, 2020 election; (b) the number of First-Time voters who registered online who voted absentee in the November 3, 2020 election; (c) the number of First-Time voters who registered by mail whose absentee ballots were rejected and the reason therefor; (d) the number of First-Time voters who registered by mail whose absentee ballot applications or requests were rejected and the reason therefor; (e) the number of first-time voters who registered online whose absentee ballots were rejected and the reason therefor; and (f) the number of first-time voters who registered online whose absentee ballot applications or requests were rejected and the reason therefor.

4. For the August 6, 2020 election, documents sufficient to show the number of absentee ballot applications or requests, or absentee ballots, rejected due to the restriction in Tenn. Code § 2- 2-115(b)(7) requiring First-Time Voters to vote in person.

5. For the August 6, 2020 elections, documents sufficient to show (a) the number of absentee ballots rejected pursuant to Tenn. Code § 2-6-202(g); (b) the number of voters, if any, whose absentee ballots were flagged for rejection pursuant to Tenn. Code § 2-6-202(g) and received notice of that fact before August 6, 2020 and the form of that notice (i.e. phone, mail, email); (c) the number of voters whose initial absentee ballots were rejected pursuant

to Tenn. Code § 2-6-202(g) who subsequently voted successfully either by mail or in-person; (d) the number of voters, if any, whose absentee ballots were flagged for rejection pursuant to Tenn. Code § 2-6-202(g) who subsequently verified their identification and had their initial absentee ballots accepted and the form of notice (i.e. mail, phone, email) those voters received.

6. For the November 3, 2020 elections, documents sufficient to show (a) the number of absentee ballots rejected pursuant to Tenn. Code § 2-6-202(g); (b) the number of voters, if any, whose absentee ballots were flagged for rejection pursuant to Tenn. Code § 2-6-202(g) and received notice of that fact before November 3, 2020 and the form of that notice (i.e. phone, mail, email); (c) the number of voters whose initial absentee ballots were rejected pursuant to Tenn. Code § 2-6-202(g) who subsequently voted successfully either by mail or in-person; (d) the number of voters, if any, whose absentee ballots were flagged for rejection pursuant to Tenn. Code § 2-6-202(g) who subsequently verified their identification and had their initial absentee ballots accepted and the form of notice (i.e. mail, phone, email) those voters received.

7. Individualized voter and individualized processing information, as defined above, for all voters who fall into the categories identified in requests 3-5.