IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MEMPHIS A. PHILLIP RANDOLPH INSTITUTE, et al., Plaintiff(s) | ) ) ) ) |
| v. | ) Case No. 3:20-cv-00374 ) Judge Richardson / Frensley ) |
| TRE HARGETT, et al., Defendant(s) | ) ) ) |

# ORDER

Pending before the Court is the Defendants' Motion to stay discovery. Docket No. 63. They have filed a Memorandum of Law in support of the motion. Docket No. 64. The Plaintiffs have filed a Response in Opposition to the motion. Docket No. 75. The Defendants filed a Reply. Docket No. 76.

The Defendants have now filed a Renewed Motion to Stay Discovery, (Docket No. 118) with Supporting Memorandum of Law (Docket No. 119). The Plaintiffs have filed a Response in Opposition. Docket No. 122.

The Court has considered the arguments of the parties and the defendants' motions (Docket Nos. 84 and 118) are GRANTED IN PART as set forth herein.

This lawsuit involves challenges to various aspects of Tennessee voting laws. Based on the convergence of events, namely the 2020 General Election and the ongoing COVID-19 pandemic, there has been substantial preliminary motion and appellate practice at the outset of this case. The thread that runs through this early litigation is the defendants' challenge to

plaintiffs' standing to proceed in this action. Currently, there is a pending motion to dismiss (Docket No. 61) and an appeal before the 6th Circuit Court of Appeals regarding what is referred to as the "first time voter" claim. The appellate case is scheduled for oral argument on December 15, 2020.

The initial case management order in this matter establishes a deadline for discovery of April 19, 2021. Docket No. 58. Dispositive motions are due September 13, 2021. Id. The matter is set for bench trial to begin on February 1, 2022. Docket No. 59.

The defendants' argument in support of their motion to stay rests on the issue of standing. Docket Nos. 118,119. They contend that this is a "dispositive threshold question" and that their motion should be granted and all discovery stayed pending resolution of the standing issue for four reasons. Docket No.119. First, they argue that subpoenas issued to third parties in this case violate the local rules by not providing them sufficient notice in advance of service. Id. at pp. 5-6. Second, they contend that the discovery requests are not proportional to the needs of the case in that the subpoenas pose an undue burden on the third parties, county election commissions, who are working to complete ballot tabulation and election certification. Id. at pp. 6-7. Third, they repeat their standing argument and assert that because Plaintiffs lack standing, discovery is inappropriate. Id. at pp. 7-8. Finally, they contend that even if Plaintiffs have standing, their challenge to TCA 2-2-115(b)(7) is arguably moot. Id. At pp. 8-9. For these reasons, they ask that the court stay discovery pending ruling on the motion to dismiss and from the 6th Circuit Court of Appeals on the issues currently in that court. Id.

The plaintiffs counter that a stay of an indefinite term is unnecessary and would prejudice them. Docket No. 122. They dispute the Defendants' arguments on standing and note that this court has already found that at least as to the first time voter claim, they have demonstrated a

substantial likelihood of standing. Id. Since the Court has entered a scheduling order, they contend that an indefinite stay would allow the defendants to "run out the clock" on discovery in the case without them receiving any discovery and delay their ability to challenge the voting restrictions without an opportunity to develop their case. Id. Recognizing the burdens of responding to discovery asserted by the Defendants and on behalf of the third-parties, Plaintiffs offer a compromise to delay Defendants' responses to discovery requests and extend the scheduling order in the case. Id. They propose allowing defendants an additional 30 days to respond to the discovery requests and extending various deadlines set forth in the case management order. Id.

It is well established that the court has broad discretion in managing discovery in civil litigation. This includes the ability to stay discovery and other proceedings. Local Rule 16.01(g) provides that discovery is not stayed during the pendency of dispositive motions unless specifically authorized by Rule or by order of the court.

While the parties vigorously dispute whether the Plaintiffs have standing to pursue claims asserted in this litigation, there is no question that issue is at the heart of the pending motion to dismiss in this court and the matter pending before the 6th Circuit Court of Appeals. In addition to the party discovery issued by the Plaintiffs, there are also seven third-party subpoenas which have been issued to various election commissions in the State of Tennessee. While the claims asserted in this litigation are substantial, it is clear that the burdens associated with responding to the discovery in this case are great. The typical burdens of production are exacerbated by the timing of the discovery in this case relative to the certification process following the recent election for both the Defendants and the third parties as well as the argument scheduled in the Sixth Circuit.

The motion to dismiss is fully briefed in the matter and the Sixth Circuit is scheduled for argument in less than a month. To date, the courts have dealt with the matters in this case in an expeditious fashion. Given the nature of the pending motion to dismiss and the appeal, and considering the proportionality issues in this case, the prudent approach is to stay all discovery in this case. This will allow the Defendants and the third parties to focus on the task at hand relative to the election without the burdens of discovery and responding to subpoenas. It will also allow the parties the opportunity to focus on the appellate argument. The Plaintiffs' concerns about the scheduling order can likewise be addressed at a subsequent case management conference. However, the stay need not be indefinite. Instead, the court will stay all discovery in this case including any third party discovery and schedule a status conference for February 8, 2021, at 10:00 a.m. via telephone.[1] The Court will reevaluate the propriety of a stay at that time and consider any necessary modifications to the scheduling order in this case.

For these reasons, the Defendants' Motion to Stay and Renewed Motion to Stay (Docket Nos. 63 and 118) are GRANTED IN PART as set forth herein.

IT IS SO ORDERED.

JEFFERY S. FRENSLEY
United States Magistrate Judge

---

[1] All parties shall call **1-877-336-1831**, and when prompted for the access code, enter **7039387#** to participate in the Case Management Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please call 615-736-7344.