IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | | |
|---|---|---|
| MEMPHIS A. PHILLIP RANDOLPH INSTITUTE, et. al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 3:20-cv-00374 |
| TRE HARGETT, et. al., | ) | |
| Defendants. | ) | |

## MOTION TO QUASH SUBPOENA

Comes now movant, Peggy A. McCamey, Chairperson of the Greene County Election Commission, in her official capacity, (hereinafter "Movant")[1], by and through counsel, and, pursuant to the Federal Rule of Civil Procedure Rule 45(d)(3)(A), moves this Court to quash the subpoena issued from the District Court for the Middle District of Tennessee, and for cause states the following grounds:

1. On November 12, 2020, the Plaintiffs issued the attached subpoena with a deadline for response of November 25, 2020. The Greene County Election Commission was served with a copy of the subpoena on November 13, 2020. Therefore, a mere twelve (12) days were given, including weekend non-business days, to produce the documentation requested.

2. The subpoena included seven (7) numbered paragraphs requesting extensive documents and/or demanding the Movant to collect and present certain data.

3. The subpoena fails to allow a reasonable time to comply in violation of Federal Rule of Civil Procedure 45(d)(3)(A)(i).

---

[1] Peggy McCamey suffered a traumatic medical event within the past few months. Although she has likely not seen the subpoena and likely does not have knowledge of the current litigation, she is named on the subpoena. This Motion to Quash is made in her official capacity in response to that subpoena.

4. Many of the requests make it impossible to obtain responses by the proposed deadline, especially considering that the Movant is currently in the process of attempting to certify the November 3, 2020 Federal Election.

5. The issuing party failed to avoid placing an undue burden and expense on Movant and the Greene County Election Commission as required by Federal Rule of Civil Procedure 45(d)(1). In fact, the subpoena subjects respondent and the Greene County Election Commission to undue burden as considered in Federal Rule of Civil Procedure 45(d)(3)(A)(iv).

6. The need for the documentation demanded by the subpoena is far outweighed by the extreme burdens placed on Movant, a non-party to this lawsuit.

7. Movant relies on the Affidavit of Donna Burgner, Administrator of Elections for the Greene County Election Commission, in support of this motion, attached hereto as EXHIBIT A.

8. Movant asks the Court to quash the attached subpoena for the reasons addressed below.

## LAW AND ARGUMENT

In accordance with Rule 45 of the Federal Rules of Civil Procedure (hereinafter "Rule 45"), the Court must quash or modify a subpoena that: (i) does not allow reasonable time to comply; (ii) requires a person to comply beyond the geographical limits in Rule 45(c); (iii) requires disclosure of a privileged or protected matter; or (iv) subjects a person to an undue burden. Fed. R. Civ. P. 45(d)(3)(A). Rule 45 sets forth requirements which are mandatory and beyond mere suggestions. Hill v. Homeward Residential, Inc., 799 F.3d 544, 553 (6th Cir. 2015) ([T]hese rules were not made to be "tempered"; they were made to be "technical[.]").

Relevant here, Rule 45 intends to protect those subjected to a subpoena by stating "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d)(1). The Sixth Circuit recently concluded that subpoena requests are unduly burdensome if the requests are broad in scope concerning the number of categories of requests, the breadth of

each category, and if the time frame for response to the requests is insufficient. In re: Modern Plastics Corp., 890 F.3d 244, 251 (6th Cir. 2018).

I. **INSUFFICIENT TIME TO RESPOND**

The Court should grant the Movant's Motion to Quash because the subpoena does not provide sufficient time to respond. The subpoena was served on Movant on November 13, 2020 with a production deadline of November 25, 2020. (Donna Burgner Affidavit, ¶ 2b). Thus, Movant was provided approximately twelve (12) days to respond, if you include the weekends on which the Election Commission <u>volunteers</u> do not work. This short time is entirely inappropriate considering the extensive and detailed information requested by the subpoena. To even further exasperate the duties of the few workers and <u>volunteers</u> on the Election Commission, this request was made while workers are attempting to certify the Federal Election of November 3, 2020 as well as meet the other requirements of their job. (Donna Burgner Affidavit, ¶ 5). A mere glance at the demands made in the subpoena would reveal the intense time and effort that would be required to produce these documents over months, let alone twelve (12) days. (Donna Burgner Affidavit, ¶ 6).

The Plaintiffs have not abided by the requirements set forth under Rule 45(d)(3)(A)(i) which states that "the court for the district where compliance is required *must* quash or modify a subpoena that: (i) fails to allow a reasonable time to comply[.]"

II. **UNDUE BURDEN AND EXPENSE**

The Court should grant the Movant's Motion to Quash because the subpoena creates an undue burden and expense on the Movant. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). This subpoena flies in the face of this responsibility. In order to attempt to abide by this impossible deadline, the Greene County Election Commission would have to utilize their entire staff, day and night. Not only would they have to exhaust their manpower, the Election Commission would have to nearly drain financial

3

resources in order to comply with the requests as they are currently stated. (Donna Burgner Affidavit, ¶ 7). Frankly, it would be impossible to comply within the time provided.

Even if the Court does not find that the Plaintiffs violated this duty, the Court may still find that this request subjects the Movant to undue burden under Rule 45(d)(3)(A)(iv) based upon the timing of the subpoena as it coincides with the certification of the federal election. Keeping in mind that this subpoena is served on a non-party, there are clearly more appropriate means to obtain some of the items requested. One example would be the Tennessee Open Records Act, which would require the Plaintiffs to provide upfront costs associated with volumes of information requested. (See Tenn. Code Ann. § 10-7-503). Further, the Movant believes that various requests made in the subpoena are in the possession of the Defendant and standard discovery procedures would produce those documents. (Donna Burgner Affidavit, ¶ 8). The effort required by the Movant to fulfill these requests, which likely would prove to be duplicative, is, without doubt, an undue burden.

### III. INAPPROPRIATE AND VAGUE REQUESTS

The Court should grant the Movant's Motion to Quash because the Subpoena is vague and inappropriate. The Plaintiffs repeatedly use the language "sufficient to show" throughout the subpoena. These requests suggest that Plaintiff has shifted the burden of proving their case onto the Election Commission workers and volunteers. It is not the responsibility of these individuals to compile enough information to prove the pre-determined assumptions of the Plaintiffs. The Movant, as a non-party, should not be placed in the position to be an advocate for a party. See Alexander v. California Dep't of Corr., No. 2:08-CV-2773, 2010 WL 4069953, at *3 (E.D. Cal. Oct. 18, 2010). Perhaps these requests would be appropriate to serve on a party or perhaps the Plaintiff would like to search through the documentation themselves; however, it is not appropriate to expect such extraneous efforts from a non-party.

Additionally, the language "sufficient to show" is vague to the extent that the Movant is left without guidance in their search. (Donna Burgner Affidavit, ¶ 9). Without specificity in the

4

requests, the Movant would be expected to dedicate significant resources to the search and compilation for any and all reference to the requests.

### IV. BURDEN OUTWEIGHS NEED

The Court should grant Movant's Motion to Quash because the burden of production far outweighs the need of the Plaintiff. As mentioned above, the Movant is a non-party there are more appropriate and better equipped avenues for the Plaintiff to take in order to obtain this evidence. Under Rule 26 of the Federal Rules of Civil Procedure, "limiting discovery is appropriate when the burden of providing the documents outweighs the need for it." Fed. R. Civ. P. 26(b)(2)(C).

The Court has already dismissed the first Count of the complaint, and one of the named Plaintiffs has withdrawn from the case. (Doc. 119, PageID# 2955). Although this does not define the matter, these circumstances indicate that there is no need for discovery especially from a non-party. Beyond those issues, the Court denied Plaintiff's preliminary injunction request for lack of likelihood of success on the merits and lack of irreparable injury. (Doc. 119, PageID# 2955-2956). That decision was upheld by the Sixth Circuit (Doc. 119, PageID# 2956). Finally, Plaintiffs are currently fighting for the survival of their Complaint in the Sixth Circuit where the standing of the party is currently in question.

Discovery may be necessary at some point in this matter but it is unnecessary for the Movant to scramble to gather extensive documentation while the matter appears unlikely to succeed on the merits and certain claims may have to be changed due to an issue of standing. As mentioned, the burden of production is incredibly high when considering the amount of documentation requested in tandem with the constricting deadline. (Donna Burgner Affidavit, ¶ 8).

### V. MODIFICATION REQUESTS

Should the Court decide against granting this motion, in the alternative, the Movant would argue for significant modification and accommodation. Primarily, the Movant would request that the Court allow the Movant sixty days (60), at the minimum, to comply with these requests.

5

Second, the Movant would ask the Court to order pre-payment of costs and expenses associated with compliance with the subpoena be made prior to production. Courts in similar circumstances have conditioned compliance with a subpoena duces tecum "upon payment of production costs." Anker v. G.D. Searle & Co., 126 F.R.D. 515 (M.D.N.C. 1989). In order to comply with this subpoena within sixty (60) days, the Greene County Election Commission would need to completely shift the work force to this project and likely reassess the priority of other responsibilities. (Donna Burgner Affidavit, ¶ 7). The Movant further urges the Court to consider the probability that this matter moves forward in the judicial system. From the current posture of the case, it appears likely that the matter will be dismissed for at least standing if not some other legal issue. For these reasons, the Movant requests, if the Court does not grant this motion, that the Court grant at least sixty (60) days to comply with the request and order the Plaintiffs in this matter to pay for the cost of production before the beginning of any search for records occurs.

RESPECTFULLY submitted this 24th day of November, 2020.

PEGGY MCCAMEY, in her official capacity

By: /s/ Benjamin K. Lauderback
BENJAMIN K. LAUDERBACK, BPR NO. 020855
WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.
1500 Riverview Tower, 900 South Gay Street
P.O. Box 131
Knoxville, Tennessee 37901-0131

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. mail. Parties may access this filing through the Court's electronic filing system.

William L. Harbison
Lisa K. Helton
Christina R. Lopez
Christopher C. Sabis
Sherrard, Roe, Voigt & Harbison, PLC
150 3rd Avenue South, Suite 1100
Nashville, Tennessee 37201

Janet M. Kleinfelter
Andrew B. Campbell
Alexander S. Rieger
Matthew D. Coutier
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, Tennessee 37202

Ezra D. Rosenberg
Pooja Chaudhuri
Jacob Conrack
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005

Danielle Lang
Ravi Doshi
Molly Danahy
Jonathan Diaz
Campaign Legal Center
1101 14th Street NW, Suite 400
Washington, DC 20005

John L. Ryder
Harris, Shelton, Hanover & Walsh, PLLC
One Commerce Square
Suite 2700
Memphis, Tennessee 38103-2555

Dated this 24th day of November, 2020.

By: /s/ Benjamin K. Lauderback
BENJAMIN K. LAUDERBACK