IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MEMPHIS A. PHILIP RANDOLPH INSTITUTE, THE EQUITY ALLIANCE, FREE HEARTS, THE MEMPHIS AND WEST TENNESSEE AFL-CIO CENTRAL LABOR COUNCIL, THE TENNESSEE STATE CONFERENCE OF THE NAACP, SEKOU FRANKLIN, and KENDRA LEE,<br><br>         Plaintiffs,<br><br> v.<br><br>TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee, MARK GOINS, in his official capacity as Coordinator of Elections for the State of Tennessee, and AMY WEIRICH, in her official capacity as the District Attorney General for Shelby County, Tennessee,<br><br>         Defendants. | Civil No. 3:20-cv-0374<br><br>JUDGE RICHARDSON<br>MAGISTRATE JUDGE FRENSLEY |

## PLAINTIFFS' UNOPPOSED MOTION TO MODIFY THE INITIAL CASE MANAGEMENT ORDER

Pursuant to Federal Rule of Civil Procedure 16(b)(4), and for good cause shown, Plaintiffs hereby move this Court to amend in part the Case Management Order, Dkt. No. 58, by vacating the upcoming December 1, 2020 deadline to amend pleadings and setting a new one at the February 8, 2021 scheduling conference. In support of this Motion, Plaintiffs state as follows:

1. This Motion is not opposed by Defendants.

2. Plaintiffs seek to vacate the pleading amendment deadline in light of the Court's November 23, 2020 Order staying all discovery until at least February 8, 2021, Dkt. No. 124, and in light of Defendants' still-pending Motion to Dismiss and appeal of the Court's preliminary injunction on the first-time voter claim on standing grounds.

1

3. Modification of the Initial Case Management Order is necessary because if the Motion to Dismiss is granted without prejudice, or if the Sixth Circuit vacates the Court's preliminary injunction on standing grounds, Plaintiffs will seek to amend their complaint to remedy any identified issues.

4. Plaintiffs may also seek to amend their complaint—which under the current schedule, would need to be done prior to December 1, 2020—as part of their strategy for prosecuting their claims. However, such amendment could moot Defendants' pending Motion to Dismiss, and require them to re-file in order to address Plaintiffs' amended complaint.

5. This outcome would needlessly multiply these proceedings, and be detrimental to judicial economy. It could also require Plaintiffs to prematurely amend their pleadings, before they are able to obtain initial discovery of their claims, thereby potentially necessitating further re-pleadings after such discovery is obtained (no earlier than February 8, 2021, per the Court's November 23, 2020 Order staying discovery).

6. By contrast, if the current pleading amendment deadline is vacated, Plaintiffs can wait to make any amendments to their complaint until such time as the Court has ruled on the pending Motion to Dismiss and the Sixth Circuit has ruled on the pending appeal. Such delay would serve the parties' and the Court's interests because it would mitigate the need for multiple re-pleadings of the complaint.

7. Modification of the Initial Case Management Order to vacate the pleading amendment deadline is also necessary because unlike the discovery and other case management deadlines, which all fall after the Court's scheduled February 8, 2021 conference, the pleading amendment deadline falls on December 1, 2020, putting Plaintiffs in the difficult position of having to decide whether to potentially prematurely amend their pleadings in light of the

2

impending deadline, or wait for the February 8, 2021 conference with the hope that the amendment deadline will then be re-set.

8. Amendments to the Initial Case Management Order are permitted "for good cause and with the judge's consent," Fed. R. Civ. P. 16(b)(4), as well as based on "a determination of the potential prejudice to the nonmovant," *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). For the reasons articulated above, and considering that Defendants do not oppose Plaintiffs' Motion, there is good cause to amend the Initial Case Management Order by vacating the pleading amendment deadline until February 8, 2021—when it can be re-set by the Court—and Defendants are not prejudiced by such a modification.

For the reasons articulated herein, the Court should grant Plaintiffs' Unopposed Motion to Modify the Initial Case Management Order.


Dated: November 25, 2020

Respectfully submitted,

 */s/ William L. Harbison*

| | |
|---|---|
| Danielle Lang* | William L. Harbison (No. 7012) |
| Ravi Doshi* | Lisa K. Helton (No. 23684) |
| Molly Danahy* | Christopher C. Sabis (No. 30032) |
| Jonathan Diaz* | Christina R.B. López (No. 37282) |
| Campaign Legal Center | Sherrard, Roe, Voigt & Harbison, PLC |
| 1101 14th Street NW, Suite 400 | 150 3rd Avenue South, Suite 1100 |
| Washington, DC 20005 | Nashville, TN 37201 |
| Tel.: (202) 736-2200 | Phone: (615) 742-4200 |
| dlang@campaignlegalcenter.org | Fax: (615) 742-4539 |
| rdoshi@campaignlegalcenter.org | bharbison@srvhlaw.com |
| mdanahy@campaignlegalcenter.org | lhelton@srvhlaw.com |
| jdiaz@campaignlegalcenter.org | csabis@srvhlaw.com |
| | clopez@srvhlaw.com |

Ezra Rosenberg*
Pooja Chaudhuri*
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW Suite 900
Washington, DC 20005
Tel.: (202) 662-8600
erosenberg@lawyerscommittee.org
pchaudhuri@lawyerscommittee.org

*Admitted Pro Hac Vice

## Certificate of Service

I, William L. Harbison, certify, pursuant to Local Rule 5.01, that on this 25th day of November, 2020, the foregoing Unopposed Motion to Modify the Initial Case Management Order was served via the Court's CM/ECF filing system on the following:

Janet Kleinfelter
Andrew B. Campbell
Alexander Rieger
Matthew D. Cloutier
Office of the Tennessee Attorney General
301 6th Ave. N.
Nashville, Tennessee 37243
janet.kleinfelter@ag.tn.gov
andrew.campbell@ag.tn.gov
alex.rieger@ag.tn.gov
matt.cloutier@ag.tn.gov

*Counsel for Defendants*

                                                                               */s/ William L. Harbison*