IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MEMPHIS A. PHILLIP RANDOLPH INSTITUTE, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>TRE HARGETT, *et al.*,<br><br>*Defendants*. | Civil No. 3:20-cv-0374<br>JUDGE RICHARDSON<br>MAGISTRATE JUDGE FRENSLEY |

## PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST AND SECOND SETS OF INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION

On June 8, 2021, this Court held a conference with the parties regarding Defendants' Responses to Plaintiffs' First Interrogatories ("ROGs"), attached hereto as **Exhibit A**. The Court ordered the parties to brief three issues: (1) whether Defendants are obligated to obtain relevant discovery from county election officials;[1] (2) whether the work-product privilege extends to responsive factual information Defendants admit is in their possession; and (3) whether the state voter file is discoverable. The Court also directed the parties to confer regarding Defendants' objections to Plaintiffs' Second Interrogatories and First Requests for Production ("RFPs"), attached hereto as **Exhibit B**, and to brief any ancillary disputes that arose out of that conference.

On Monday, June 14, 2021, the parties met and conferred regarding Defendants' responses to Plaintiffs' Second Interrogatories and First Requests for Production. During the meet and confer, the parties agreed to the production of the state voter file under a protective order that will be filed

---

[1] This issue also arises with respect to Defendants' responses to Plaintiffs Second ROGs and First RFPs. *See* Exhibit B.

1

with this Court in short order. The parties also identified the following additional disputed issues: (4) whether information related to the number of first-time voters who are eligible to vote absentee because they are on the permanent absentee list or enrolled in the address confidentiality program is relevant to Plaintiffs' claims; and (5) whether Defendants are required to describe the inquiry they conducted, identify the custodians who were searched, and identify the search terms used in responding to Plaintiffs' discovery requests.

## ARGUMENT

The law is clear that Defendants have an obligation to obtain relevant discovery from county election officials because they have both the legal right to that discovery and the practical ability to obtain it. The law is also clear that the work-product privilege does not protect factual information from disclosure. Furthermore, Plaintiffs' discovery requests regarding the number of voters exempted from the first-time voter requirement are relevant to the connection between Defendants' asserted interest in enforcing the first-time voter law and the law's scope, as well as to the burden imposed on first-time voters. Finally, Defendants bear the burden of establishing that they made a reasonable inquiry to determine whether they have responsive information or documents in their possession, and that all such information has been produced. For these reasons, the Court should grant Plaintiffs' motion and compel Defendants to provide responses and produce documents in response to Plaintiffs First and Second Interrogatories and First Requests for Production of Documents.

**I.     Defendants Are Obligated to Obtain Relevant Discovery from County Election Officials.**

With respect to the vast majority of the discovery sought by Plaintiffs, Defendants assert that they do not maintain the documents or information "in their normal course of business" and thus have no obligation to produce said documents or information to Plaintiffs. Ex. B. But the test

2

for whether a party has an obligation to produce discovery is not simply whether it is in the party's possession, but whether, broadly speaking, it is in their "control." Fed. R. Civ. P. 34(a)(1); *see also Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 413 (N.D. Ill. 2007) ("Rule 33 imposes a duty to provide full answers to interrogatories, including all the information within the responding party's knowledge *and control*.") (emphasis added); *see also* 8B Charles Alan Wright et al., Fed. Prac. & Proc. Civ. sec. 2177 ("In answering interrogatories, a party is charged with knowledge of what its agents know, or what is in records available to it."); 7 James Wm Moore et al., Moore's Federal Practice ¶ 33.102[1], [3] (3d ed. 2017) ("[t]he duty to provide all information available encompasses the responsibility to provide information within the party's control, even if that information is in the possession of a nonparty."); *Belden v. Jordan*, No. 3:16CV-P511-TBR, 2017 WL 3485006, at *1 (W.D. Ky. Aug. 14, 2017) (finding that "control" is "broadly construed").

For the purposes of discovery, "[c]ontrol is defined not only as possession, but as the legal right to obtain the documents requested upon demand," *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). Many "[c]ourts have also interpreted Rule 34 to require production if the party has the practical ability to obtain the documents from another, irrespective of his legal entitlement." *In re Nasdaq Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 530 (S.D.N.Y. 1996).

Defendants clearly have "control" over responsive information and documents maintained by or otherwise in the possession of the county election administrators. As "the chief administrative election officer of the state," Defendant Goins is charged with the responsibility for "obtain[ing] and maintain[ing] uniformity in the application, operation, and interpretation of the election code." Tenn. Code § 2-11-201(b). As such, he "shall . . . [r]eview the county election commissions in the administration of election laws to include, but not limited to, procedures for . . . absentee voting." *Id*. § 2-11-202(a)(5)(A)(ii). In conducting such a review, he has the authority

to "compel the production of documents, exhibits, records or things, and require testimony on any issue related to the investigation or review." *Id.* § 2-11-202(a)(5)(B). As such, Defendant Goins clearly has the legal right to obtain relevant information and responsive documents from the county election administrators. Defendants also have the practical ability to obtain the requested discovery. Indeed, at the discovery conference on June 8th, Defendants admitted that at the height of the 2020 election cycle they were able to obtain responsive information from the county election administrators upon request and within a matter of weeks.

Notably, Defendants clearly *do* maintain at least some of the information sought by Plaintiffs during the ordinary course of business, and have it readily on hand to suit their own purposes. For example, Defendants have already provided rejection rates for absentee ballots rejected for signature mismatches during the 2016 and 2018 elections *in this litigation*. Decl. of Mark Goins, Dkt. 46-1, ¶¶ 27–30. Similarly, county election officials are required by statute to track and *produce to Defendants* information related to first-time voters, *see* Tenn. Code Ann. § 2-12-114(a)(3), and how those voters registered, including whether they registered by mail, *see id.* § 2-12-114(b)(1)(c). As such, this information is also clearly within Defendants' possession or control, and must be produced to Plaintiffs.

Finally, defense counsel's assertion that they cannot allow their clients to sign discovery responses that rely on documents and data provided by the county election officials is unavailing. Indeed, there is a ready response to such concerns: if the Defendants "lack[] necessary information to make a full, fair and specific answer to an interrogatory, [they] should so state under oath and should set forth in detail the efforts made to obtain the information." *Lindholm v. BMW of North America, LLC*, 2016 WL 452315, at *5, 2016 U.S. Dist. LEXIS 14142, at *5 (quoting *Essex Builders Grp., Inc. v. Amerisure Ins.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) (quotation omitted)).

## II. The Work-Product Privilege Does Not Cover Underlying Facts in Defendants' Possession.

Defendants assert that the work-product privilege allows them to withhold factual information related to the number of voters who were denied the right to vote during the 2020 election cycle due to either a signature mismatch or the first-time voter rule, which they obtained from county election officials and currently have in their possession. *See* Ex. B, at 2, 7 (Defs' Obj. to Pls ROGs 2 and 4).[2] But the law is extremely clear that "[w]ork-product protection 'is limited to 'documents and tangible things.' It does not prohibit the discovery of underlying facts.'" *Roach v. Hughes*, No. 4:13-CV-00136-JHM, 2015 WL 13548427, at *6 (W.D. Ky. Aug. 4, 2015) (quoting *Papadakis v. CSX Transp. Inc.*, 233 F.R.D. 227, 229 (D. Mass. 2006)). Thus, "[b]ecause the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product." *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995); *see also Merriweather v. United Parcel Serv., Inc.*, No. 3:17-CV-349-CRS-LLK, 2018 WL 3572527, at *10 (W.D. Ky. July 25, 2018)). As such, the "responsive data in [Defendants'] possession," *see e.g.*, Defs' Obj. to Pls Interrogatory 2, must be provided, regardless of who compiled it or why. *Roa v. Tetrick,* No. 1:13-CV-379, 2014 WL 695961, at *5 (S.D. Ohio Feb. 24, 2014) ("While the work product doctrine protects both tangible and intangible things and documents, it does not

---

[2] Defendants did not assert, and therefore waived, privilege with respect to ROG 3, which seeks similar information as ROG 2 for the November 2020 general election. Instead, Defendants provided non-responsive data as to the number of ballots rejected for *any* reason during the November 2020 election, rather than the number of ballots rejected due to a signature mismatch. *See* Ex. A at 3 – 7 (providing the total number of absentee ballots rejected under Tenn. Code §§ 2-6-202(g) (signature mismatch) *and* 2-6-204(b) (any reason under the Title 2 of the Tennessee Code). As such, Defendants should be ordered to supplement their response to ROG 3.

5

protect the disclosure of underlying facts, regardless of who obtained those facts") (internal citations omitted).

Nor can Defendants withhold this information "simply by incorporating it into a document which is entitled to work-product protection." *Fresenius Medical Care Holdings, Inc. v. Roxane Laboratories, Inc.*, No. 2:05–cv–0889, 2007 WL 543929, at *3 (S.D. Ohio Feb. 16, 2007). "[F]actual information may not be withheld under the work product doctrine, but must be produced through interrogatories, depositions or other discovery." *Eagle Compressors, Inc. v. HEC Liquidating Corp.*, 206 F.R.D. 474, 478 (N.D. Ill. 2002). As such, the Court should grant Plaintiffs' motion to compel responses to ROGs 2 and 4.

### III. Information Related to the Number of Voters Exempted from the First-Time Voter Requirement Is Relevant to Plaintiffs' Claims.

By rule, Plaintiffs are entitled to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Information is relevant when it "appears reasonably calculated to lead to the discovery of admissible evidence." *Fleming v. Bernardi*, 1 F.R.D. 624, 625 (N.D. Ohio 1941); *see also Boysell v. Colonial Coverlet Co., Inc.*, 29 F. Supp. 122 (E.D. Tenn. 1939); *Wells v. Epes Transport Sys., Inc.*, No. 3:05-cv-149, 2006 WL 1050670, at *1 (E.D. Tenn. Apr. 20, 2006).

Defendants object that ROGs 10-13, and RFP 4 (t)-(w) are irrelevant because they seek information about voters who are exempt from the first-time voter requirement. Under Tennessee law, a first-time voter who registers by mail may vote absentee when they are on the permanent absentee voter list, or when they are enrolled in the address confidentiality program.[3] *See* Tenn.

---

[3] As Plaintiffs informed Defendants, these requests do not seek the names or any identifying information about voters enrolled in the address confidentiality program. Plaintiffs are solely interested in the scope of the exemptions. To that end, Plaintiffs have offered to forgo obtaining

6

Code § 2-2-115(b)(7). Plaintiffs' ROGs 10-13 and RFP 4(t)-(w) seek to understand how many Tennessee voters are exempt from the first-time voter requirement, and how many exempt first-time voters are able to successfully vote absentee. Ex. B. The number of people who are exempt from the first-time voter requirement is relevant to the State's asserted interest in enforcing the law. Furthermore, the number of exempt first-time voters who are able to successfully vote absentee is relevant to whether the state is providing viable alternative means to vote for first-time voters who are unable to appear at the polls in person, as well as to the burden imposed on such voters due to the first-time voter requirement. Because this information is clearly relevant to Plaintiffs' claim that the first-time voter requirement unduly burdens their right to vote, Defendants' objection fails. The Court should compel Defendants to respond to ROGs 10-13 and RFP 4(t)-(w).

Defendants further object that they do not maintain the information and documents responsive to ROGs 10-13 and RFP 4(t)-(w) in the normal course of their business. But this is not true. By statute, the statewide voter file is maintained by Defendant Goins. Tenn. Code Ann. § 2-2-301, and county-level data is transferred to Defendant Goins on a daily basis. *Id*. § 2-2-303. When a county elections administrator adds a person to the permanent absentee ballot list, they must append the relevant documentation to the person's permanent voter registration record. *Id.* § 2-6-201(3)(A). As such, Defendant Goins clearly has possession and control over information and documents related to the number of people on the permanent absentee ballot list. Similarly, Defendant Hargett is responsible for creating, maintaining, and implementing the address confidentiality program. *See* Tenn. Code Ann. § 40-38-602(a), (c). And Defendant Goins is

---

this information on a county-by-county basis, and instead only seek statewide totals, to avoid any potential for inadvertent re-identification of individuals based on where they live.

responsible for maintaining a separate voter registration database for individuals enrolled in the program, *Id.* § 40-38-607(c), as well as providing notice to such voters of their right to vote absentee and establishing "procedures for the submission and processing of absentee ballots" for such voters. As such, the information and documents sought by Plaintiffs are clearly within Defendants' possession and control and must be produced.

**IV.    Defendants Must Provide Plaintiffs and the Court Sufficient Information to Evaluate Whether They Engaged in a Reasonable Inquiry Before Responding to Plaintiffs' Discovery Requests.**

A party whose discovery responses are "being scrutinized" bears the burden "to establish the reasonableness of its inquiry." *N.T. by & through Nelson v. Children's Hosp. Med. Ctr.*, No. 1:13CV230, 2017 WL 5953118, at *5 (S.D. Ohio Sept. 27, 2017); *see also Merriweather v. United Parcel Serv., Inc.*, No. 3:17-CV-349-CRS-LLK, 2018 WL 3572527, at *3 (W.D. Ky. July 25, 2018) ("The party objecting to interrogatories bears the burden of showing that the information sought is not reasonably available to it.").

"A reasonable inquiry includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, . . . who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." *Lieber v. Wells Fargo Bank, N.A.*, No. 1:16 CV 2868, 2017 WL 3923128, at *3 (N.D. Ohio Sept. 7, 2017) (internal citation and quotation marks omitted). Defendants have not offered any evidence that they conducted such an inquiry. Instead, Defendants have offered nothing more than boilerplate assertions that "they do not maintain the requested data as part of their normal course of business." *See generally* Exs. A, B. Such objections are not sufficient to establish that Defendants conducted a reasonable inquiry. *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209–10 (E.D. Mich. 2018) ("Boilerplate objections are legally meaningless and amount to a waiver of an objection.").

8

Even setting aside Defendants' obligation to obtain the relevant information from the county election officials, *see supra*, the mere fact that Defendants do not maintain responsive data or documents in the usual course of business would not relieve them of their duty to investigate whether they nonetheless have such information in their possession. Indeed, Defendants' burden is not to determine whether they maintain the requested discovery in the normal course of business, but rather "to make a reasonable investigation to assure [they] have provided all available responsive information and documents." *Bernal v. All American Investment Realty, Inc.*, 479 F. Supp. 2d 1291, 1333 (S.D. Fla. 2007). If no such responsive information and documents exist, Defendants "must state that they have produced all documents in [their] possession or control." *Merriweather v. United Parcel Serv., Inc.,* No. 3:17-CV-349-CRS-LLK, 2018 WL 3572527, at *12 (W.D. Ky. July 25, 2018).

Instead, Defendants have affirmatively declined to identify what steps they took to determine they lacked information responsive to Plaintiffs' ROGs, and have declined to identify which custodians were searched and which search terms were used to determine they do not possess any responsive documents. Even if Defendants have conducted this inquiry and determined that no responsive information or documents exist, they must "so state with sufficient specificity to allow the Court to determine whether [they] made a reasonable inquiry and exercised due diligence." *Heller v. City of Dall.*, 303 F.R.D. 466, 485 (N.D. Tex. 2014). The Court should therefore order Defendants "to supplement their responses and state with sufficient specificity whether [they] made a reasonable inquiry and exercised due diligence." *Merriweather*, 2018 WL 3572527, at *14.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel should be granted. With respect to Plaintiffs' First and Second Interrogatories and First Requests for Production, Defendants should be ordered to obtain relevant and responsive information from the county election officials; produce responsive factual information already within their possession; and state with specificity what efforts they made to comply with their obligation to conduct a reasonable inquiry.

Dated: June 18, 2021

Respectfully submitted,

*/s/ Lisa K. Helton*

| | |
|---|---|
| Danielle Lang* | William L. Harbison (No. 7012) |
| Molly Danahy* | Lisa K. Helton (No. 23684) |
| Jonathan Diaz* | Christopher C. Sabis (No. 30032) |
| Caleb Jackson* | Christina R.B. López (No. 37282) |
| Campaign Legal Center | Sherrard, Roe, Voigt & Harbison, PLC |
| 1101 14th Street NW, Suite 400 | 150 3rd Avenue South, Suite 1100 |
| Washington, DC 20005 | Nashville, TN 37201 |
| Tel.: (202) 736-2200 | Tel.: (615) 742-4200 |
| dlang@campaignlegalcenter.org | Fax: (615) 742-4539 |
| rdoshi@campaignlegalcenter.org | bharbison@srvhlaw.com |
| mdanahy@campaignlegalcenter.org | lhelton@srvhlaw.com |
| jdiaz@campaignlegalcenter.org | csabis@srvhlaw.com |
| cjackson@campaignlegalcenter.org | clopez@srvhlaw.com |

Ezra Rosenberg*
Pooja Chaudhuri*
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW Suite 900
Washington, DC 20005
Tel.: (202) 662-8600
erosenberg@lawyerscommittee.org
pchaudhuri@lawyerscommittee.org

*Admitted Pro Hac Vice

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including:

| | |
|---|---|
| Janet M. Kleinfelter | John L. Ryder |
| Andrew B. Campbell | Harris, Shelton, Hanover & Walsh, PLLC |
| Alexander S. Rieger | One Commerce Square |
| Matthew D. Cloutier | Suite 2700 Tennessee |
| Attorney General's Office | Memphis, Tennessee 38103-2555 |
| P.O. Box 20207 | |
| Nashville, Tennessee 37202 | |

   Dated this 18th day of June, 2021:

                   */s/ Lisa K. Helton*
                   Lisa K. Helton