IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MEMPHIS A. PHILLIP RANDOLPH INSTITUTE, et al., | ) ) |
| Plaintiffs, | ) NO. 3:20-cv-00374 ) |
| v. | ) JUDGE RICHARDSON ) ) |
| TRE HARGETT, et al., | ) ) |
| Defendants. | ) ) |

**ORDER**

Pending before the Court is Plaintiffs' Motion for Voluntary Dismissal (Doc. No. 151, "Motion"). The Court ordered Defendants to respond to the Motion, "indicating their position as to whether (and, if so, why and to what extent) they would be prejudiced if this action were to be dismissed without prejudice as requested in the Motion." (Doc. No. 153). Defendants timely responded. (Doc. No. 154, "Response"). Based on the Response, it appears the parties are in agreement that Claims 2 and 5 are due to be dismissed without prejudice.[1] The remaining issue to be resolved is whether Claims 3 and 4 should be dismissed (voluntarily) without prejudice as Plaintiffs suggest. The issue is not whether the claims should be dismissed; each side now has a pending motion to dismiss Plaintiffs' claims in full.[2] The issue is whether the Court should allow the claims to be dismissed without prejudice per Plaintiffs' request.

---

[1] On September 29, 2020, Plaintiffs voluntarily dismissed the only other claim they have brought, *i.e.*, Claim 1. (Doc. No. 106).

[2] Defendants' pending motion to dismiss is at Docket No. 61 and is supported by a memorandum at Docket No. 62.

1

First, the Court notes that the parties do not appear to disagree about the "plain legal prejudice" standard discussed in *Walther v. Florida Tile, Inc.*, 776 F. App'x 310, 315 (6th Cir. 2019). Defendants assert—correctly—that *Walther* stands for the proposition that a dismissal without (rather than with) prejudice is permitted in the district court's discretion (though not required), unless the defendant(s) would suffer plain legal prejudice, in which case the court cannot enter dismissal without prejudice. (Doc. No. 154 at 5). Defendants imply that Plaintiffs have cited *Walther* for a different (and incorrect) proposition: that a district court *must* dismiss without (rather than with) prejudice unless the defendant(s) would suffer plain legal prejudice. The Court must reject the implication because Plaintiffs have cited *Walther* for the proposition that granting voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) is within the sound discretion of the district court and is "proper"—not to say *required*—unless the defendant(s) would suffer plain legal prejudice as a result of the dismissal being without prejudice. (Doc. No. 151 at 1). So it seems to the Court that actually both sides agree that under *Walther*, dismissal without prejudice is "proper"—meaning permissible but not required—unless Defendants would suffer plain legal prejudice as a result, in which case it is not permissible. In addition, the Court notes that under Federal Rule of Civil Procedure 41(a), the Court can dismiss the action without prejudice at Plaintiffs' request on terms "that the Court considers proper."

In their Response, Defendants contend that they will suffer prejudice if Claims 3 and 4 are dismissed without prejudice because the claims have been extensively briefed, and, according to Defendants, both this Court and the Sixth Circuit "have addressed (albeit in a preliminary-injunction context) the merits of [Claims 3 and 4]" and found that those "claims were not likely to succeed on the merits." (Doc. No. 154 at 6-7). Undoubtedly, the parties have spent considerable resources litigating Plaintiffs' motion for a preliminary injunction, and the appeals that stemmed

from the Court's ruling (a ruling the Court set out in several separate and lengthy opinions) on Plaintiffs' motion for preliminary injunction. Nevertheless, as Defendants themselves point out, the efforts by all parties were expended at a very early stage in the case; this cuts in favor of dismissal without prejudice  *See Third Party Sols., Inc. v. Express Scripts, Inc.*, No. 06-2583 MA/V, 2008 WL 11411753, at *3 (W.D. Tenn. Oct. 29, 2008) (granting the plaintiff's motion to voluntarily dismiss the case without prejudice and finding that the defendant would not suffer plain legal prejudice because the case had "not progressed beyond the preliminary injunction proceedings"). Thus, although considerable and commendable effort has been expended by the parties, such effort would not render a dismissal of all claims without prejudice at this early stage in the case a "plain legal prejudice" to Defendants.

Further, the Court finds that none of the factors applicable when determining whether a defendant will suffer plain legal prejudice weigh in Defendants' favor. According to the Sixth Circuit, those factors are: "the defendant's effort and expense in preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)). Here, trial is still months away, Plaintiffs have undisputedly been diligent in prosecuting the case, Plaintiffs have offered a sufficient explanation for the need to take a dismissal (*i.e.*, the Sixth Circuit's vacatur of a preliminary injunction based on jurisdictional grounds), and a motion for summary judgment has yet to be filed.

Indeed, beyond the instant Motion, the only dispositive motion currently pending before the Court is Defendants' Motion to Dismiss (Doc. No. 61), in support of which Defendants argue

that the case should be dismissed for lack of subject-matter jurisdiction due to Plaintiffs' lack of standing. (Doc. No. 62 at 1, 3-16). As Plaintiffs aptly point out, assuming Defendants are correct, dismissal of this action would "not operate[] as an adjudication upon the merits," and thus would be without prejudice. *InteraCorp v. Henderson*, 428 F.3d 605, 620–21 (6th Cir. 2005) (finding clear error when a court dismissed an action with prejudice based on lack of jurisdiction); *Holloway v. Brush*, 220 F.3d 767, 778 (6th Cir. 2000) ("A 'dismissal for lack of jurisdiction' does not 'operate[ ] as an adjudication on the merits' for preclusive purposes." (quoting Fed. R. Civ. P. 41(b)) (alterations in original)). And although Defendants' Motion to Dismiss was filed 11 months ago, Defendants recently have reaffirmed their position that Plaintiffs' remaining claims are nonjusticiable (in which case, by definition, they would be subject to dismissal without prejudice). (Doc. No. 150 at 1-2).[3] Given Defendants' ongoing, current position that Plaintiffs' claims all should be dismissed without prejudice, the Court is somewhat perplexed by Defendants' position on the instant Motion that they will suffer prejudice if the Court were now to dismiss Plaintiffs' claims without prejudice. Defendants' longstanding desire for dismissal without prejudice significantly undercuts the reliability of any claim that they would suffer prejudice from a dismissal without prejudice.

Indeed, the only way the Court can conceive of reconciling these conflicting positions would be to say something like, "Given how much effort Defendants have put into asserting Plaintiffs' lack of standing, Defendants would be prejudiced if dismissal without prejudice occurred without Defendants obtaining a (non-preliminary) ruling on Plaintiffs' standing (or lack

---

[3] In Docket No. 152, Defendants do not specifically assert that Plaintiffs' claims are nonjusticiable for the same reason asserted by Defendants' in the Motion to Dismiss, *i.e.*, that Plaintiffs all lack standing to sue under Article III of the U.S. Constitution. But presumably that is what Defendants meant. In any event, whatever the reason, now, as in August 2020, Defendants assert that Plaintiffs' claims are non-justiciable—and thus necessarily subject to dismissal without prejudice.

thereof). But Defendants have not made this argument. Moreover, given the Sixth Circuit's decision(s) to date, one must wonder how much Defendants truly need such an additional ruling in this case. Moreover, in the hypothetical even that Plaintiffs did seek to file again—which, after all, is the very possibility that lends importance to the dichotomy of dismissal with and dismissal without prejudice—it seems like that much if not all of Defendants' prior work on the standing issue would come in handy and prove never to have been wasted in the first place.

Accordingly, the Court finds that Defendants will not suffer plain legal prejudice if all remaining claims in this matter are dismissed without prejudice. Therefore, the Court, in its discretion, **GRANTS** Plaintiffs' Motion for Voluntary Dismissal (Doc. No. 151) and hereby **DISMISSES** all remaining claims in this action without prejudice.

The Clerk is directed to close the file. This Order shall constitute the final judgment in this case for purposes of Fed. R. Civ. P. 58.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE