IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MEMPHIS A. PHILLIP RANDOLPH INSTITUTE, et al., | ) ) ) |
| Plaintiffs, | ) ) NO. 3:20-cv-00374 |
| v. | ) ) JUDGE RICHARDSON ) |
| TRE HARGETT, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Report and Recommendation from the Magistrate Judge recommending that Plaintiffs' Motion for Attorney's Fees (Doc. No. 158, "Motion") be granted. (Doc. No. 166, "R&R"). Via the Motion, Plaintiffs seek, pursuant to 42 U.S.C. § 1988, an attorney's fee award in the amount of $99,222.13. (Doc. No. 158 at 1). Defendants responded to the Motion. (Doc. No. 163). Plaintiffs thereafter replied. (Doc. No. 164). Plaintiffs also filed a Notice of Supplemental Authority (Doc. No. 165). Defendants objected to the R&R. (Doc. No. 167, "Objections"). Plaintiffs responded to the Objections. (Doc. No. 168).

## LEGAL STANDARD

Fed. R. Civ. P. 54 provides that the district court "may refer a motion for attorney's fees to a magistrate judge under Fed. R. Civ. P. 72(b) as if it were a dispositive pretrial matter." When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge

with instructions. *Id*. Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made.[1] Objections must be specific; a general objection to the report and recommendation is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias*, 2019 WL 549506, at *2 (internal citations and quotation marks omitted). The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

---

[1] The Local Rule also provides that any objections must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections. Also, a separately filed supporting memorandum of law must accompany the objections. Local Rule 72.02(a).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed de novo the Report and Recommendation, the Objections, and the file. For the reasons set forth below, the Objections of Defendants are overruled, and the Report and Recommendation is adopted and approved.

## BACKGROUND

The full factual background is sufficiently recited in the R&R and needs not be repeated here in full (Doc. No. 166 at 2–4). Plaintiffs filed a Complaint in May 2020 challenging aspects of Tennessee's statutory provisions governing absentee voting. (Doc. No. 1). Plaintiffs amended their Complaint to add a claim challenging the requirement that voters vote in person in their first election if they registered to vote by mail or online (the "first-time voter claim"). (Doc. No. 39 at 33). On September 9, 2020, the Court granted Plaintiffs' motion for a preliminary injunction to enjoin enforcement of the first-time voter provision. (Doc. Nos. 79, 80). This Court thereafter denied Defendants' subsequent motion for reconsideration of this ruling and for a stay of the injunction, and Defendants' motion in the Sixth Circuit requesting a stay of the preliminary injunction pending appeal likewise was denied. (Doc. Nos. 103, 107, 163, see also *Memphis A. Philip Randolph Inst. v. Hargett*, 977 F.3d 566, 567 (6th Cir. 2020) [*Hargett I*]). Thus, the preliminary injunction remained in force for the November 2020 election, allowing first-time voters who had registered by mail or online to cast mail-in votes.

On June 22, 2021, the Sixth Circuit vacated the preliminary injunction on the grounds that the particular first-time voter claim supporting Article III jurisdiction had become moot. More specifically, it held that the claim of Corey DeWayne Sweet, the individual (a member of Plaintiff Tennessee NAACP) on whose standing Plaintiffs relied for so-called associational standing, had become moot. *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 558–561 (6th Cir. 2021)

[*Hargett II*]. Plaintiffs then dismissed their claims without prejudice, and this Court entered final judgment on July 9, 2021. (Doc. Nos. 151, 155, 156). Pursuant to Fed. R. Civ. P. 54(d)(2) and Local Rule 54.01(b), Plaintiffs filed the instant Motion to request an award of attorney's fees incurred in securing and defending the preliminary injunction for the November 2020 election. (Doc. No. 158). The Magistrate Judge has recommended that Plaintiffs' Motion be granted. (Doc. No. 166).

## DISCUSSION

Defendants' Objections to the R&R raise two primary arguments: 1) that "Plaintiffs are not prevailing parties entitled to recover their attorney's fees under 42 U.S.C. § 1988"; and 2) that "even if this Court concludes that Plaintiffs are prevailing parties, their requested fees should be reduced." (Doc. No. 167 at 2). The Court will review *de novo* both aspects of the R&R.

1. <u>Prevailing parties</u>

Plaintiffs seek attorney's fees incurred only in securing the preliminary injunction that allowed first-time voters to vote by mail during the November 2020 election. (Doc. No. 159 at 1). Defendants argue in their Objections that the R&R erroneously concluded that the relief sought by Plaintiffs was a *preliminary* injunction applicable only to the 2020 election rather than a *permanent* injunction to "enjoin the first-time-voter provision and to have that provision declared unconstitutional"—a form of relief that was never obtained by Plaintiffs. (Doc. No. 167 at 5). Defendants go on to argue that because the R&R was based on this "factual error," its "legal conclusion that Plaintiffs are prevailing parties" is also flawed (relying primarily on the Sixth Circuit's denial of attorney's fees in *McQueary v. Conway*, 614 F.3d 591, 597 (6th Cir. 2010)). (*Id*. at 6–8).

42 U.S.C. § 1988 provides for the recovery of attorney's fees to a "prevailing party" in an action brought under 42 U.S.C. § 1983. As this Court has explained:

> Under the so-called "American Rule," fees to prevailing parties must be grounded in explicit statutory authority. *McQueary v. Conway*, 614 F.3d 591, 596 (6th Cir. 2010). In enacting 42 U.S.C. § 1988, Congress explicitly empowered the courts to award fees to parties who win actions under 42 U.S.C. § 1983. *Berger v. City of Mayfield Heights*, 265 F.3d 399, 403 (6th Cir. 2001) ("[Section] 1988 fees are available for a party succeeding on any type of § 1983 claim."); *Miller v. Davis*, 267 F. Supp.3d 961, 976 (E.D. Ky. 2017) (same). Accordingly, a court, in its discretion, may allow a prevailing party a reasonable attorney's fee as part of the costs. *Id.*; 42 U.S.C. § 1988(b). The idea behind § 1988 is to award fees to deserving parties, not to generate satellite disputes over fees. *McQueary*, 614 F.3d at 598.
>
> [ ] To "prevail" and thus become eligible for attorney's fees, a party must have obtained a judicially-sanctioned change in the legal relationship of the parties. *Toms v. Taft*, 338 F.3d 519, 528 (6th Cir. 2003). Usually, only enforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees. *Id.* at 528-29. Stated differently, a plaintiff qualifies as a prevailing party when the plaintiff wins relief on the merits in the form of a court order, consent decree, or judicially-enforced settlement that materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. *Sole v. Wyner*, 551 U.S. 74, 82, 127 S. Ct. 2188, 167 L.Ed.2d 1069 (2007) ("The touchstone of the prevailing party inquiry... is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute."); *Kiser v. Reitz*, Case No. 2:12-cv-00574, 2018 WL 2937898, at *2 (S.D. Ohio June 12, 2018) (citing *Farrar v. Hobby*, 506 U.S. 103, 111-12, 113 S. Ct. 566, 121 L.Ed.2d 494 (1992)). Whatever relief the plaintiff receives must benefit him at the time of the judgment or settlement. *Kiser*, 2018 WL 2937898, at *2.

*Jones v. Haynes*, 350 F. Supp. 3d 691, 694–95 (M.D. Tenn. 2018) (footnotes omitted).

Citing *Farrar*, 506 U.S. 103 (1992), Plaintiffs argue that they are a prevailing party because they obtained "at least some relief on the merits of [their claim.]" (Doc. No. 159 at 3). Indeed, the Sixth Circuit has held that an award of a preliminary injunction may render a plaintiff a "prevailing party" for purposes of obtaining attorney's fees under § 1988, even if the plaintiff's claims are later mooted and even if the plaintiff initially sought (but did not receive) relief beyond just a

preliminary injunction. *Miller v. Caudill*, 936 F.3d 442, 449 (6th Cir. 2019) (upholding attorney's fee award under § 1988 where the court issued a preliminary injunction and thereafter dismissed the case as moot, even where the requested relief included "a permanent injunction, a declaratory judgment, damages, and more").

The preliminary injunction awarded to Plaintiffs in this case renders Plaintiffs "prevailing parties" because such relief was "court-ordered," "material," and "enduring." *McQueary*, 614 F.3d at 597–99. The permanent injunction issued by the Court mandated that the first-time voter restrictions be lifted during the November 2020 election; Defendants did not voluntary lift the first-time voter restrictions—they only did so because the Court required them to. Therefore, the change in Defendants' conduct was *court-ordered*. Under the injunction, Plaintiffs who were previously unable to cast absentee votes were now able to do so, thus making the change *material*. Once Plaintiffs cast their votes in the November 2020 election, those votes were permanent, making the relief *enduring*. Therefore, the Court finds that because the court-ordered preliminary injunction resulted in a material alteration of the legal relationship between the parties, Plaintiffs "prevailed" and thus are eligible for attorney's fees pursuant to § 1988 in connection with securing and defending a preliminary injunction for the November 2020 election.

The fact that Plaintiffs sought more than just the preliminary injunction they obtained is immaterial. The additional forms of relief sought by Plaintiffs (namely, a permanent injunction and declaratory relief) related to Plaintiffs' desire to vote by mail in the upcoming election—relief which, due to the preliminary injunction, Plaintiffs obtained. Defendants' reliance on *McQueary* is thus misplaced. In *McQueary*, the Sixth Circuit carefully articulated "whether or when the winner of a preliminary injunction may be treated as a 'prevailing party' entitled to attorney's fees." 614 F.3d at 596. In finding that some, but not all, preliminary injunctions constitute relief

adequate to render a party "prevailing" for purposes of obtaining attorney's fees, the Sixth Circuit reasoned that, for example, "a plaintiff who seeks to delay enforcement of a statute until a certain event occurs" and thereafter receives a preliminary injunction obtained everything that plaintiff asked for, thus rendering that plaintiff "prevailing." *Id*. at 599. Thus, "the *preliminary* nature of the relief does not by itself provide a ground for never granting fees"; instead, whether a preliminary-injunction winner is a "prevailing party" is a "contextual and case-specific inquiry." *Id.* at 600–601.

The Sixth Circuit thus remanded the question of whether the plaintiff was a "prevailing party" to the district court, and the district court concluded that it was not. *McQueary v. Conway*, No. 06-CV-24-KKC, 2012 WL 3149344, at *2 (E.D. Ky. Aug. 1, 2012). Defendants attempt to draw a parallel between this result in *McQueary* and the present case, yet fail to provide any context for the district court's decision other than pointing out that both the plaintiff in *McQueary* and the Plaintiffs here sought a permanent injunction and declaratory relief in addition to a preliminary injunction. (Doc. No. 167 at 7). In context, the facts of *McQueary* are quite different from those in the present case. In *McQueary*, the plaintiff challenged as unconstitutional a state law restricting his right to protest at funerals. 2012 WL 3149344, at *1. The district court granted the plaintiff's motion for a preliminary injunction, and the challenged law was later amended to remove the challenged portions. *Id*. The district court held that because the plaintiff's request for a preliminary injunction was not aimed at a specific funeral at a specific time and place (rather, it was a preliminary injunction that would enjoin the defendant from enforcing the challenged provisions at all funerals while his claim for permanent relief was pending), the plaintiff did not "prevail" when the preliminary injunction was granted. *Id*. at *2. The court's conclusion rested on the premise that the preliminary injunction was temporary, revocable, and did not become moot when

a particular event occurred (and instead, only became moot because the defendant voluntarily repealed the challenged provisions). *Id*.

Here, Plaintiffs requested a preliminary injunction that would specifically allow Plaintiffs to vote by mail in the August and November 2020 elections during the height of the COVID-19 pandemic. (Doc. No. 43 at 5). The Sixth Circuit agreed with this characterization of Plaintiffs' requested relief, as evidenced by their vacating the preliminary injunction on mootness grounds. *Memphis*, 2 F.4th at 560 ("[T]he plaintiffs' motion for a preliminary injunction [is] inextricably tied to the COVID-19 pandemic, a once-in-a-century crisis[.]"). The requested relief here is starkly different from that in *McQueary*, and the district court's reasons for rejecting the attorney's fee award are therefore inapplicable. Because of the preliminary injunction, Plaintiffs obtained the relief they sought: the ability to vote by mail in the 2020 election.[2] The Court finds that this court-

---

[2] One might wonder whether Plaintiffs should be denied prevailing-party status on the ground that although they received certain relief that they were seeking, the Sixth Circuit found that in retrospect they should not have received that relief, thus arguably meaning that Plaintiffs did not prevail at all in the final analysis and thus were not a "prevailing party." To that question, the answer appears to be "no." It is true that authority exists for the proposition that a party that prevails in the district court is no longer the "prevailing party" (at least as that term is used in particular statutes with fee-shifting provisions) with respect to any issues on which the party lost on appeal. *See, e.g.*, *Arneson v. Callahan*, 128 F.3d 1243, 1248 (8th Cir. 1997) (agreeing with the defendant's argument that "[the plaintiff] should not recover the fees and costs related to any issues that [the plaintiff] loses on appeal because [the plaintiff] would no longer be the prevailing party with respect to those issues."). But the Court is not aware that this is the rule in the Sixth Circuit with respect to § 1988. In addition, for two reasons, it is far from clear that Plaintiffs are properly deemed to have "lost" on appeal on the particular issue on which they prevailed in this Court (and, for that matter the Sixth Circuit): whether a preliminary injunction was appropriately issued by the Court at the time it issued it.

First, in the latter appeal (*Hargett II*), the majority was not explicit about whether it took issue with the Court granting the preliminary injunction at the time it did so. True, the majority opinion clearly indicates that by that time, Sweet's claim was moot. This Court issued the preliminary injunction on September 9, 2020, and the *Hargett II* majority opinion states that although Sweet had standing as of the filing of the amended complaint in this matter on June 12, 2020, "after *Fisher* [*v. Hargett*, 604 S.W.3d 381 (Tenn. 2020), which was decided on August 5, 2020], Sweet no longer has an actual ongoing stake in this litigation," thus making his claim moot. *Hargett II*, 2 F.4th at 558. And mootness—whether viewed as meaning a loss of the standing that

Sweet originally had and that Plaintiffs needed him to maintain throughout the lawsuit, or as an obstacle to Article III jurisdiction conceptually separate from "standing"—deprives a district court of Article III jurisdiction. *Id.* It would seem to follow that this Court must have lacked jurisdiction at the time it issued the preliminary injunction. On the other hand, in *Hargett II*, the court indicated that its finding of mootness was based on "updated information" that indicated that Sweet "no longer" had the stake in the litigation necessary for Article III jurisdiction. *Id.* And the court noted that Defendants' argument was "that Sweet's individual claim, and by extension the claim of all the plaintiffs, is *now* moot." And the court cited the principle that "if a case becomes moot during an appeal, the judgment below must be vacated and the case remanded with instructions to dismiss." *Id.* (internal quotation marks omitted). Thus, the general tenor of the opinion seems to be not so much that the preliminary injunction was improperly issued in the first place, but rather that the jurisdiction necessary to keep the injunction in place had thereafter disappeared via mootness.

The notion that Sweet's claim became moot on August 5—which is what *Hargett II* holds—does not mean that this Court was incorrect to find that a substantial likelihood that Sweet had standing prior to August 5, as noted by Judge Moore in her concurrence in *Hargett I*:

> The trouble with Defendants' standing argument—at least as presented to us in their emergency motion to stay—is that it ignores the rule that standing is determined "at the time that its complaint was filed." *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 525 (6th Cir. 2001). Plaintiffs filed their constitutional claim challenging the first-time voter requirement on June 12, 2020. R. 39 (Am. Compl. at ¶¶ 92–96) (Page ID #155). Thus, standing is to be determined as of that date. *Cleveland Branch, N.A.A.C.P.*, 263 F.3d at 525. Yet, in their emergency motion for a stay pending appeal, Defendants' standing arguments largely focus on changes to Sweet's circumstances after June 12, 2020, and call into question whether he is *currently* qualified to vote absentee by mail, such that the first-time voter requirement has any effect on him. Defendants' arguments thus miss the mark when it comes to standing, because changes in circumstances that occur after a claim is filed are irrelevant to the standing inquiry. *See id.*

977 F.3d at 575 (Moore, J., concurring). And it was for this reason that the Sixth Circuit in *Hargett II* noted that this Court "properly concluded that the Tennessee NAACP, and by extension all plaintiffs, had shown a substantial likelihood of establishing associational standing through Sweet to challenge the first-time voter restriction." 2 F.4th at 557. So if this Court erred in finding a likelihood of Article III jurisdiction as was necessary to issue the preliminary injunction on September 9, 2020, it must have been because it did not find that Sweet's claims had become moot at some point after the filing of the amended complaint on June 12, 2020. But it is hard to see how this Court erred in not so finding, inasmuch as Defendants, in their response (Doc. No. 46) in opposition to Plaintiffs' motion for a preliminary injunction, did not present a mootness argument (or mention the word "moot" or "mootness" at all). *See* 977 F.3d at 576 (Moore, J., concurring) ("Defendants argue that even if Plaintiffs once had standing, their claims are now moot. Defendants did not directly raise this question below." (citation omitted)).

ordered relief was both material and enduring, thus rendering Plaintiffs prevailing parties such that they are entitled to attorney's fees under § 1988.

2. Amount of requested fees

Plaintiffs seek an attorney's fees award in the amount of $99,222.13. (Doc. No. 158 at 1). Defendants object to the R&R's granting of this particular amount of attorney's fees because even if Plaintiffs are prevailing parties for purposes of this Court's granting of a preliminary injunction, the requested award includes "fees for hours spent on an appeal that Plaintiffs ultimately lost," which Defendant contends are not recoverable because Plaintiffs did not prevail on appeal. (Doc. No. 167 at 8). As discussed above, the Court need only review *de novo* the particular findings in the R&R against which Defendants lodge an objection; thus, the Court need not undergo the entire analysis as to whether the Motion for Attorney's Fees should be granted. The Court will instead analyze only Defendants' particular Objection to the award of fees related to "hours spent on an appeal that Plaintiffs ultimately lost." *Id*.

Plaintiffs state in their Motion for Attorney's Fees that the $99,222.13 figure includes "only fees that were incurred in securing and defending the preliminary injunction with respect to the November 2020 election" and does not include any costs incurred after the Sixth Circuit declined to stay the preliminary injunction. (Doc. No. 159 at 7). Plaintiffs elaborate in their reply to Defendants' response to the Motion for Attorney's Fees that Plaintiffs "have not sought fees on

---

To summarize, the applicable issue here on which Plaintiffs prevailed in this Court (that Sweet had standing) was not one on which Plaintiffs lost on appeal, and the applicable issue on which Plaintiffs did lose on appeal (mootness) was not raised in this district court. So Plaintiffs never (even after two appeals) ceased being the prevailing party with respect to the issue that allowed them to obtain the preliminary injunction on September 9, 2020 that remained in place for the November 2020 election and beyond (until *Hargett II* was decided on June 22, 2021). This reality appears to render inapplicable the principle (recognized elsewhere if not necessarily by the Sixth Circuit) that a party that prevails in the district court is no longer the "prevailing party" with respect to any issues on which the party lost on appeal.

the merits of the appeal," but because "Plaintiffs *were* successful in defeating Defendants' emergency stay motion and that success was crucial to maintaining their relief for the November 2020 election[,] Plaintiffs have only sought fees for that narrow set of activities on appeal." (Doc. No. 164 at 4).

Because Plaintiffs do not seek fees related to defending the merits of the preliminary injunction award on appeal, Defendants' argument fails and their reliance on *Thomas v. Haslam*, No. 20-6188, 2021 WL3754240 (6th Cir. 2021) (which constitutes the crux of Defendants' Objection) is misplaced. Plaintiffs seek appellate-related fees incurred only in relation to their successful efforts to defeat Defendants' emergency stay motion. In *Thomas*, the Sixth Circuit upheld an award of attorney's fees related to relief the plaintiffs successfully obtained at the district court, but did not permit the plaintiffs to receive attorney's fees incurred at the appeals stage, where they did not prevail. *Id*. at *3 ("[T]he Supreme Court explicitly indicated that in instances where a district court's judgment has been 'vacated on the basis of an event that mooted the controversy before the Court of Appeals' judgment was issued,' a party cannot be deemed a 'prevailing party' at that subsequent stage in the litigation, and would thus not be entitled to attorney's fees associated with the cost of the appellate litigation.") But unlike the plaintiffs in *Thomas*, Plaintiffs here do not seek attorney's fees related to defending the district court's judgment on the merits; instead, they seek only fees related to defeating Defendants' application for an emergency stay pending appeal. Defendants make no objection to the R&R granting an award of attorney's fees that includes costs incurred defending the injunction by defeating the emergency stay motion. Thus, the Court finds that the award of $99,222.13 in attorney's fees is appropriate, and Plaintiffs are entitled to recover that amount.

## CONCLUSION

For the reasons discussed herein, the Court adopts the Magistrate Judge's Report and Recommendation. (Doc. No. 166). Defendants' Objections (Doc. No. 167) are overruled, and Plaintiffs' Motion for Attorney's Fees (Doc. No. 158) is **GRANTED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE